The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOAO RICARDO DEBORBA,<br><br>Defendant. | NO. 22-5139-DGE<br><br>GOVERNMENT'S MOTION TO STRIKE EXPERT DECLARATION<br><br>NOTE ON MOTION CALENDAR: 10/27/23 |

**INTRODUCTION**

**I.      Background**

Defendant Joao Ricardo DeBorba was arrested and charged in a complaint on May 6, 2022, and subsequently indicted on charges of unlawful possession of firearms and ammunition (in violation of 18 U.S.C. §§ 922(g)(5) and (8)), false statement during purchase of firearms (in violation of 18 U.S.C. § 922(a)(6)), and false claim to United States citizenship (in violation of 18 U.S.C. § 911).

Trial was twice continued, first to October 24, 2022, then to March 27, 2023. (Dkt. 17, 22). On January 6, 2023, the Court held a hearing on a third motion to continue the trial, at which counsel for DeBorba indicated his intention to file a motion to dismiss the indictment based on Second Amendment grounds, and discussed with the Court the

Opposition to Motion to Dismiss - 1
*United States v. DeBorba* / CR 22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

potential for expert testimony. Trial was continued again to June 26, 2023. (Dkt. 27, 28.) On May 24, 2023, trial was continued a fourth time to September 25, 2023. (Dkt. 31.)

On August 29, 2023, DeBorba filed his Motion to Dismiss the Indictment (dkt. 36) along with a motion to file an overlength brief (dkt. 35). The brief in support of the Motion to Dismiss the Indictment was 47 pages but included no expert declaration. The government filed its 56-page response on September 15, 2023. (Dkt. 51.)

On September 29, 2023, DeBorba filed his 33-page brief in reply. (Dkt. 53.) Attached to his reply as Exhibit B, DeBorba submitted an Expert Report and Declaration of Pratheepan Gulasekaram, a law professor. No expert report was included in the defendant's Motion to Dismiss the Indictment, nor was any reference to an expert or expert testimony made in the motion.

**II.     The Expert Report and Declaration Should be Stricken as Impermissible**

It is well-recognized that it is inappropriate for a litigant to introduce new arguments or new evidence in reply. For this reason, "[a] district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

The rule constraining reply briefs to addressing an opponent's arguments is rooted in fundamental fairness and concerns about "sandbagging." As explained in a recent decision in this district:

> "[I]t is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers." *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894–95 (1990). While the court may refuse to consider evidence submitted for the first time in a reply, [] the Court may consider evidence and argument submitted with a reply that is responsive to arguments raised in the non-moving party's brief in opposition. *See PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, No. CV 05-08891 MMM FMOX, 2013 WL 12080306, at *4 (C.D. Cal. Oct. 8, 2013), aff'd in part, 884 F.3d 812 (9th Cir. 2018).

*Ejonga v. Strange*, No. 2:21-cv-01004-RJB-GJL, 2023 WL 4457142, at *1 (W.D. Wash. July 11, 2023) (Leupold, M.J.).

Motion to Strike - 2
*United States v. DeBorba* / CR 22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

The rule barring new evidence and new arguments in reply briefs is widely adhered-to. *See, eg.*, *Roth v. BASF Corp.*, C07-0106MJP, 2008 WL 2148803, at *3 (W.D. Wash. May 21, 2008) ("It is not acceptable legal practice to present new evidence or new argument in a reply brief."); *United States v. Puerta*, 982 F.2d 1297, 1300 n.1 (9th Cir. 1992) ("New arguments may not be introduced in a reply brief."); *Bridgham-Morrison v. Nat'l Gen. Assembly Co.*, C15-0927RAJ, 2015 WL 12712762, at *2 (W.D. Wash. Nov. 16, 2015) ("For obvious reasons, new arguments and evidence presented for the first time on Reply . . . are generally waived or ignored.").

DeBorba's effort to introduce new arguments and new evidence in the form of an expert declaration is similarly improper. The lengthy expert declaration that DeBorba seeks to introduce comes after an already oversized motion, which was followed by an oversized reply. Moreover, DeBorba had indicated he was contemplating whether to submit expert testimony since as early as January 2023. His decision to omit any expert testimony from his motion but to submit it only in reply raises precisely the concerns that have motivated courts to bar such a practice and ignore or strike new arguments and evidence presented for the first time in reply.

**III.    Striking the Expert Declaration Works no Hardship on the Defendant**

The expert declaration is lengthy and expansive but ultimately provides nothing that could not be presented through traditional legal analysis. Because the expert declaration is not necessary to resolve the issues presented by DeBorba's motion, striking the declaration works no hardship on him.

DeBorba rests his motion on *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), which explained that judicial review of gun laws should focus on "the Second Amendment's text" and on "the historical tradition that delimits the outer limits of the right to keep and bear arms." 142 S. Ct. at 2127. A law complies with the Second Amendment if it regulates conduct that falls outside the Amendment's "plain text" or if the regulation comports with "this Nation's historical tradition of firearm regulation." *Id*.

Motion to Strike - 3
*United States v. DeBorba* / CR 22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

at 2126. A modern law can satisfy *Bruen's* historical standard even if it is not "a dead ringer for historical precursors." *Id*. at 142 S. Ct. at 2133. To establish the modern law's constitutionality, the government need only "identify a well-established and representative historical analogue, not a historical twin." *Ibid*. In assessing proposed historical analogues, courts should focus on "two metrics: how and why the regulations burden a lawabiding citizen's right to armed self-defense." *Id.* at 2133. A court should uphold a modern law if its historical counterparts imposed "comparable burden[s]" and were "comparably justified." *Ibid*.

Applying *Bruen's* "text-and-history test," 142 S. Ct. at 2130 n.6, involves answering a question of law—not a question of fact or a mixed question of law and fact. *Bruen* itself makes that clear. The *Bruen* Court stated that the "job of judges is not to resolve historical questions in the abstract; it is to resolve *legal* questions presented in particular cases or controversies." *Ibid*. The Court also expressly described its test as a "legal inquiry." *Ibid*. (citation omitted).

That makes sense. It is well established that the "interpretation" of a constitutional or statutory provision "is a question of law." *Chandris, Inc. v. Latsis*, 515 U.S. 347, 369 (1995). That is so even when interpretation involves historical work or otherwise depends in part on "legislative facts"—that is, facts that bear on "the formulation of a legal principle or ruling by a judge or a court" as distinct from "the facts of the particular case." Fed. R. Evid. 201 advisory committee's note. The Supreme Court, for example, has relied on history and tradition in interpreting a range of constitutional provisions, including Article II, *see Zivotofsky v. Kerry*, 576 U.S. 1, 23-28 (2015); Article III, *see TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021); the Establishment Clause, *see Marsh v. Chambers*, 463 U.S. 783, 786-792 (1983); the Free Speech Clause, *see Houston Community College System v. Wilson*, 142 S. Ct. 1253, 1259-1260 (2022); the Due Process Clause, *see Burnham v. Superior Court*, 495 U.S. 604, 610-616 (1990) (plurality opinion); and the Confrontation Clause, *see Crawford v. Washington*, 541 U.S. 36, 42-50

Motion to Strike - 4
*United States v. DeBorba* / CR 22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

(2004). And "courts, in construing a statute, may with propriety recur to the history of the times when it was passed." *Leo Sheep Co. v. United States*, 440 U.S. 668, 669 (1979) (citation omitted). Yet in all those contexts, courts treat the inquiry into history as a legal question, not a factual question. Courts should follow the same approach under the Second Amendment.

In addition, as the Supreme Court explained in discussing the common-law rule that treated questions of foreign law as questions of fact, treating *Bruen's* historical inquiry as a question of fact would produce "a number of undesirable practical consequences." *Animal Science Prods., Inc. v. Hebei Welcome Pharm. Co.*, 138 S. Ct. 1865, 1873 (2018) (citation omitted). The relevant historical material would have to be established in each case "in accordance with the rules of evidence," and appellate review would be "deferential and limited to the record made in the trial court." *Id.* (citation omitted). As a result, the meaning of the Second Amendment could vary from case to case depending on the particular record the parties compiled in the district court.

Because applying *Bruen* involves answering a question of law, the research and opinion of an expert is irrelevant. The Court's determination of the legal question under Bruen will be a result of a process of legal reasoning based on analysis of legislation and should not turn the opinion of the proffered expert, who in this case is a lawyer providing his legal conclusion—traditionally the role of a court. Indeed, as recently as August 2023, a judge in this district has denied a *Bruen* motion to dismiss without holding an evidentiary hearing or considering any expert report. *See United States v. Robinson,* No. 2:22-CR-212-TL, 2023 WL 5634712 (W.D. Wash. Aug 31, 2023) (Lin, D.J.).

Moreover, because a court of appeals may rely on legal arguments that are raised for the first time on appeal, the declaration serves little purpose. "Once a federal claim is properly presented, a party can make any argument in support of that claim; parties are not limited to the precise arguments they made below." *Yee v. City of Escondido*, 503 U.S. 519, 534 (1992). And "[w]hen an issue or claim is properly before the court, the

Motion to Strike - 5
*United States v. DeBorba* / CR 22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

court is not limited to the particular legal theories advanced by the parties." *Kamen v. Kemper Financial Services, Inc.*, 500 U.S. 90, 99 (1991). Although a court is "not *obliged* to sift the historical materials" itself, *Bruen*, 142 S. Ct. at 2150 (emphasis added), it "retains the independent *power* to identify and apply the proper construction of governing law," *Kamen*, 500 U.S. at 99 (emphasis added); *see* Fed. R. Evid. 201 advisory committee's note ("In determining the content or applicability of a rule of domestic law, the judge . . . may make an independent search for persuasive data or rest content with what he has or what the parties present." (citation omitted)). In *Bruen* itself, the Supreme Court evaluated a broad range of potential historical analogies proffered by the State of New York and its amici, without pausing to consider whether New York had invoked the same analogies in the lower courts. *See* 142 S. Ct. at 2134-2156.

The voluminous (and expensive[1]) expert declaration says little that is not traditional legal argument. Because submitting it in connection with a reply brief is improper, it should be stricken, and doing so does no prejudice to DeBorba's motion.

### IV.  Conclusion

For the reasons set forth above, the government respectfully requests the Court strike the Expert Report and Declaration of Pratheepan Gulasekaram.

DATED this 19th day of October, 2023.

Respectfully submitted,

TESSA M. GORMAN
Acting United States Attorney

 /s/ Max B. Shiner
MAX B. SHINER
Assistant United States Attorney
1201 Pacific Ave., Suite 700
Tacoma, WA 98402
Telephone: (253) 428-3822
Fax: (253) 428-3826
E-mail: max.shiner@usdoj.gov

---

[1] The declaration states that it was prepared at the Professor's rate of $250 per hour (*see* ¶ 153).

Motion to Strike - 6
*United States v. DeBorba* / CR 22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800