JUDGE DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOÃO RICARDO DEBORBA, <br><br> Defendant. | No. CR22-5139-DGE <br><br> MR. DEBORBA'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION TO STRIKE EXPERT DECLARATION <br><br> NOTED: October 27, 2023 |

## I.  ARGUMENT

The government has moved to strike Professor Gulasekaram's declaration (dkt. 53-1), accusing Mr. DeBorba of "sandbagging." Dkt. 57 at 2. The government's arguments are unavailing and the Court should deny the Motion to Strike. First, without engaging with the actual content of the declaration in question, the government claims that the declaration improperly introduces new facts and arguments in the Reply. But the government has not identified a single fact or argument in the declaration or Reply that is not responsive to the government's Response. Second, striking the declaration would be prejudicial to both Mr. DeBorba and the Court—the declaration contains useful information that Mr. DeBorba could not include in ordinary briefing and that will aid the Court in its analysis. Third, the government's inconsistent positions and actions do not support its Motion to Strike. Instead, if the government wishes to respond to the declaration, it could have sought sur-reply, something Mr. DeBorba would not oppose.

OPPOSITION TO GOVERNMENT'S MOTION
TO STRIKE EXPERT DECLARATION
(*United States v. DeBorba*, CR22-5139-DGE) - 1

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

### A. Professor Gulasekaram's declaration does not set forth improper "new facts."

The government relies on the well-established rule that, "[f]or obvious reasons, new arguments and evidence presented for the first time on Reply . . . are **generally** waived or ignored." Dkt. 57 at 3 (citing *Bridgham-Morrison v. Nat'l Gen. Assembly Co.*, CR15-0927RAJ, 2015 WL 12712762, at *2 (W.D. Wash. Nov. 16, 2015) (emphasis added). But the cases the government relies on themselves establish that the situation presented here does not come within the "general" rule; they show, in fact, that this case is exactly the sort in which new facts are completely proper.

For example, the government quotes *Ejonga v. Strange*, No. 2:21-cv-01004-RJB-GJL, 2023 WL 4457142, at *1 (W.D. Wash. July 11, 2023) (Leupold, M.J.), to the effect that "[i]t is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers." But that passage continues: "While the court may refuse to consider evidence submitted for the first time in a reply, [] the Court may consider evidence and argument submitted with a reply that is responsive to arguments raised in the non-moving party's brief in opposition." *Id.*

In this case, the burden is on the government to "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2127 (2022). The government acknowledged that it had this burden, dkt. 51 at 17, and then attempted to meet its burden by discussing various historical laws. *Id.* at 18-26, 28-38. The arguments in Mr. Debora's Reply were not ones he was required to raise in his Motion; they were instead responsive to the arguments and facts the government was obligated to raise in its Response if it were to meet its burden. Professor Gulasekaram's declaration thus was properly "submitted with a reply that is responsive

OPPOSITION TO GOVERNMENT'S MOTION
TO STRIKE EXPERT DECLARATION
(*United States v. DeBorba*, CR22-5139-DGE) - 2

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

to arguments raised in the non-moving party's brief in opposition." *Ejonga*, 2023 WL 4457142, at *1.

Under the government's view of briefing requirements, whenever the non-moving party has the burden, it would get a free pass at contending it had met its burden, because the moving party would have no opportunity to respond to whatever arguments and facts are raised by the party with the burden. That is both a nonsensical position and one contrary to the case law.

*Ejonga* is hardly the only case to recognize that responsive arguments, and the facts supporting them, are completely proper in a Reply. *Ejonga* cited to *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, No. CV 05-08891 MMM FMOX, 2013 WL 12080306, at *4 (C.D. Cal. Oct. 8, 2013), *aff'd in part*, 884 F.3d 812 (9th Cir. 2018). That decision, in turn, cited to a number of cases so holding, and the case law is replete with others. As those cases establish, it is not just that this Court "may" consider evidence presented in response to the non-moving party's arguments, *Ejonga*, 2023 WL 4457142, at *1, but evidence is "not new evidence" and the moving party's submissions are "proper" when they "rebut arguments first raised" in an opposition. *EEOC v. Creative Networks, LLC and Res-Care, Inc.*, No. CV-05-3032-PHX-SMM, 2008 WL 5225807, *2 (D. Ariz. Dec. 15, 2008). The District Court for the Central District of California provided a helpful collection of relevant cases:

> See *United States v. Taibi*, No. 10-CV-2250 JLS, 2012 WL 553143, *4 (S.D. Cal. Feb. 21, 2012) ("[B]ecause the[ ] documents respond directly to Defendant's allegations made in his opposition brief, the Court finds it may properly consider this rebuttal evidence even though it was offered for the first time in Plaintiff's reply brief," citing *EEOC v. Creative Networks, LLC and Res-Care, Inc.*, No. CV-05-3032-PHX-SMM, 2008 WL 5225807, *2 (D. Ariz. Dec. 15, 2008) (reviewing the rule that a party may not provide "new" evidence with a reply and deprive the opposing party of an opportunity to respond to it, but denying a motion to strike because the challenged evidence was not "new," as it properly rebutted arguments first raised in opposition to the motion for summary judgment)); *Bell v. Santa*

OPPOSITION TO GOVERNMENT'S MOTION
TO STRIKE EXPERT DECLARATION
(*United States v. DeBorba*, CR22-5139-DGE) - 3

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

*Ana City Jail*, No. SA CV 07-1218-ODW, 2010 WL 582543, *1 n. 3 (C.D. Cal. Feb. 16, 2010) ("The Court concurs with defendant . . . that the evidence adduced in her Reply raises no new issues and consists solely of a response to the arguments that plaintiff first raised in his Opposition"); *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F.Supp. 1220, 1235 (S.D.N.Y. 1991) ("reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party who took it upon himself to argue those previously unforseen issues"), *rev'd on other grounds*, 967 F.2d 742 (2d Cir. 1992); *see also Aguirre v. Munk*, No. C 09-763 MHP, 2011 WL 2149087, *13 (N.D. Cal. June 1, 2011) ("There was no new evidence in defendants' reply. Any shift in focus between the motion and the reply was responsive to Aguirre's arguments and 'evidence' in opposition that were different from the allegations in the amended complaint"); *QBAS Co., Ltd. v. C Walters Intercoastal Corp.*, No. SACV 10-406 AG, 2010 WL 7785995, *3-4 (C.D. Cal. Dec. 16, 2010) [sic, should be 2010 WL 7785955 at 3-4] ("Defendants argue that new evidence submitted for the first time with a Reply brief should not [be] considered. This issue arises frequently, and it's sometimes tricky to distinguish between impermissible 'new' evidence in a reply and evidence that is permissibly responsive to an argument made in the opposing party's opposition. In this case, the issue is not so tricky. Plaintiffs' evidence ... submitted with their Reply is clearly permissible evidence responsive to Defendants' ... arguments. Thus, the ... objections are OVERRULED").

*PSM Holding Corp*, 2013 WL 12080306, at *4. So too here, Professor Gulasekaram's declaration responds to the government's arguments in its Response, where it attempted to meet its burden.

      **B.**     **Professor Gulasekaram's declaration is helpful to the Court.**

The government contends that striking Professor Gulasekaram's declaration would not prejudice Mr. DeBorba, arguing that the question before the Court is legal, not factual. Dkt. 57 at 3-6. Notably, the government does not contend that is an independent ground for striking the declaration, but only that, if the declaration were stricken as improper material for a reply, Mr. DeBorba would not be prejudiced. Because the government's premise about striking the declaration is unfounded, as

OPPOSITION TO GOVERNMENT'S MOTION
TO STRIKE EXPERT DECLARATION
(*United States v. DeBorba*, CR22-5139-DGE) - 4

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

discussed in the previous section, its contention about prejudice becomes irrelevant. Nevertheless, Mr. DeBorba will briefly respond.

The idea that experts in history have no role to play in a *Bruen* inquiry is certainly not how other courts have viewed the issue.[1] In *Bruen*, the Court stated that a court is "entitled to decide a case based on the historical record compiled by the parties," but never suggested it was prohibited from looking to experts. 142 S. Ct. at 2130 n.6. In *United States v. Bullock*, ––– F.Supp.3d –––, 2023 WL 4232309 (S.D. Miss. Jun. 28, 2023), the court granted a motion to dismiss, stating that "the most disappointing failure is that the party with the burden to prove history and tradition—the United States—did not designate a historian to testify on the analogues, if any, to modern felon-in-possession laws."). See also *United States v. Yates*, No. 1:21-CR-00116-DCN, 2023 WL 5016971, at *1 (D. Idaho Aug. 7, 2023) ("To carry its burden of persuasion, the Government may, but need not, retain historical experts"); *Miller v. Bonta*, No. 19CV01537BENJLB, 2023 WL 6929336, at *23 (S.D. Cal. Oct. 19, 2023) (noting that state provided an expert witness regarding what an historic law provided); *Duncan v. Bonta*, No. 17-CV-1017-BEN (JLB), 2023 WL 6180472, at *18 (S.D. Cal. Sept. 22, 2023) (same); *Rocky Mountain Gun Owners v. Polis*, No. 23-CV-01077-PAB, 2023 WL 5017253, at *11 (D. Colo. Aug. 7, 2023) (same); *Koons v. Platkin*, No. CV 22-7463 (RMB/AMD), 2023 WL 3478604, at *96 (D.N.J. May 16, 2023) (same); *Rupp v. Bonta*, No. 817CV00746JLSJDE, 2023 WL 3693529, at *3 (C.D. Cal. Apr. 26, 2023) (in response to motion to strike, stating that during its *Bruen* analysis, court "will be

---

[1] Mr. DeBorba recognizes that Professor Gulasekaram is not an historian. But as his resume and declaration show, he is eminently qualified to provide background on the history of firearms restrictions. The government has not based its motion to strike on a claim that Professor Gulasekaram is not qualified to give the opinions he did. This Court should give his declaration the weight it deems appropriate.

OPPOSITION TO GOVERNMENT'S MOTION
TO STRIKE EXPERT DECLARATION
(*United States v. DeBorba*, CR22-5139-DGE) - 5

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

able to determine whether the five experts' challenged testimony is relevant and helpful and how much weight, if any, to give that testimony").

Professor Gulasekaram's declaration is further useful to the Court because it provides the Court with additional information that simple citations or argument in a brief would not. First, Professor Gulasekaram can attest to a lack of similar historical analogues uncovered by his research, something that counsel cannot do through a citation and that the government would likely claim undersigned counsel is not qualified to do. And second, Professor Gulasekaram's declaration collects and directly quotes in long-form multiple historical statutes and sources of interest to the Court. This is substantially more useful to the Court than mere citations that would be included in ordinary briefing, such as the government's Response, *see* Dkt. No. 51 at 14-16, 18-20, 24-26, 28-38. Professor Gulasekaram's declaration offers analysis and opinions, but also enables the Court to read the historic statutes in full without requiring hours of work and access to special databases to locate them. Striking the declaration thus would prejudice not only Mr. DeBorba but also the Court.

### C. If the government wishes to respond to Professor Gulasekaram's declaration, it should simply seek sur-reply.

The government could have simply asked for leave to file a sur-reply if it wanted to respond to Professor Gulasekaram's declaration, a request Mr. DeBorba would not oppose. Instead, the government asked this Court to strike the declaration, arguing both that the declaration is an "effort to introduce new arguments and new evidence," dkt. 57 at 3, and that the declaration is "irrelevant" and "says little that is not traditional legal argument." Dkt. 57 at 5, 6. And the government waited nearly three weeks to move to strike the declaration, rather than simply seeking sur-reply, something Mr. DeBorba would not have opposed had the government asked. The government's various claims

OPPOSITION TO GOVERNMENT'S MOTION
TO STRIKE EXPERT DECLARATION
(*United States v. DeBorba*, CR22-5139-DGE) - 6

**FEDERAL PUBLIC DEFENDER**
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

cite to nothing in the declaration itself that is "new" or not responsive, and do not indicate that the declaration should be stricken.

The government also complains that the declaration was expensive. *See* Dkt. 57 at 6. However, as Mr. DeBorba made clear in his reply and as is clear from the declaration itself, the declaration was prepared in a different case in support of a Motion to Dismiss a § 922(g)(5) charge there. *See* Dkt. No. 53 at 2. The government's claimed concern for resources is also inconsistent with its actions. Indeed, Mr. DeBorba has repeatedly proposed a resolution of his case that could have and could obviate the need for litigation. The government has rejected such proposals, despite its full awareness that such rejection would result in this litigation. The government also now moves to strike a declaration that is plainly useful to the Court in conducting its analysis—a request that would cause the Court to need to do substantially more work, rather than less, to resolve Mr. DeBorba's Motion. Striking the declaration will not save resources or promote judicial economy (and such would not be a proper reason to strike in any event).

## II. CONCLUSION

The government's Motion seeks to remove from the Court's consideration relevant and useful information that is directly responsive to the government's attempt to carry *its* burden in its response. Nothing prevented the government from seeking sur-reply if it wanted to respond to the declaration at issue. The government chose not to do so. The Court should deny the Motion to Strike.

DATED this 26th day of October 2023.

Respectfully submitted,

*s/ Rebecca Fish*
Assistant Federal Public Defender
Attorney for Mr. João DeBorba

OPPOSITION TO GOVERNMENT'S MOTION
TO STRIKE EXPERT DECLARATION
(*United States v. DeBorba*, CR22-5139-DGE) - 7

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710