U.S. v. Joao Ricardo DeBorba
CR22-5139DGE
Exhibit 3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | CRIMINAL NO. 1:21-CR-164 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **ZACHARY LYNN SCHEFFEL,** | : | |
| | : | |
| Defendant | : | |

## **ORDER**

AND NOW, this 23rd day of November, 2022, upon consideration of defendant Zachary Lynn Scheffel's motions (Docs. 49, 55) to dismiss the indictment, wherein he is charged in Count 1 with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1), in light of his prior conviction of at least one crime punishable by more than one year's imprisonment, and in Count 2 with receipt and possession of an unregistered firearm—to wit, a "firearm silencer" or "firearm muffler," as defined under 18 U.S.C. § 921(a)(4)—in violation of 26 U.S.C. § 5861(d), and the parties' respective briefs in support of and in opposition to defendant's motions addressing the constitutionality of those provisions following the United States Supreme Court's decision in New York State Rifle & Pistol Association, Inc. v. Bruen, 597 U.S. ___, 142 S. Ct. 2111 (2022), which requires the government to justify regulations affecting conduct covered by the plain text of the Second Amendment by "demonstrat[ing] that the regulation is consistent with this Nation's historical tradition of firearm regulation," id. at 2126, and the court addressing defendants' arguments seriatim: *first*, upon consideration of Range v.

Attorney General of the United States, ____ F.4th ____, 2022 WL 16955670 (3d Cir. Nov. 16, 2022) (*per curiam*), a precedential opinion of our court of appeals which reaffirmed the constitutionality of Section 922(g)(1) under the history-and-tradition framework established in Bruen, as applied to an appellant whose prohibited status resulted from a conviction for welfare fraud, a non-violent misdemeanor under Pennsylvania law, see id. at *1-2, 4, 14, and which held that the dispossession of an offender's right to bear arms upon conviction of a crime punishable by imprisonment for a term exceeding one year, as defined in 18 U.S.C. § 921(a)(20), "comports with the Second Amendment," see Range, 2022 WL 16955670 at *6 n.14, see also id. at *16; accord United States v. Minter, No. 3:22-CR-135, 2022 WL 10662252, at *6-7 (M.D. Pa. Oct. 18, 2022), and the court concluding that our court of appeals' decision in Range obviates the need for a supplemental history of Anglo-American firearm regulations, which the court had directed the parties to prepare and file in United States v. Blackburn, No. 1:22-CR-209, Doc. 27 (M.D. Pa. Nov. 8, 2022), in anticipation of incorporating the same into the record in the matter *sub judice*, but which order the court since has vacated in the wake of Range, see id., Doc. 28 (M.D. Pa. Nov. 17, 2022), and the court also concluding that the active indictment alleges that defendant previously was convicted of at least one predicate offense that falls within the scope of Section 922(g)(1); and, *second*, the court assuming *arguendo* for purposes of Section 5861(d) that firearm silencers and mufflers are "bearable arms," see District of Columbia v. Heller, 554 U.S. 570, 581-86 (2008) (defining the phrase "to keep and bear arms" with reference to 18th-century dictionaries), the possession of which for purposes of self-defense is

2

"presumptively" protected by the Second Amendment, see Bruen, 142 S. Ct. at 2126, and the court noting that the firearm silencer was invented in the early 1900s, patented in 1908, and banned or severely restricted by at least fifteen States between 1909 and 1936, see Robert J. Spitzer, Gun Accessories and the Second Amendment: Assault Weapons, Magazines, and Silencers, 83 Law & Contemp. Probs. 231, 246-48 & nn.123-24 (2020), and the court further noting that the precursor to Section 5861 is the federal firearm registration and taxation regime established under the National Firearms Act of 1934, Pub. L. No. 474, §§ 2-6, 48 Stat. 1236-40 (superseded by the Internal Revenue Code of 1939), which predates the "longstanding" federal prohibition on the possession of firearms by certain criminal offenders first introduced with the Federal Firearms Act of 1938, Pub. L. No. 75-785, § 2(f), 52 Stat. 1250-51 (now embodied in Section 922(g)(1)), see McDonald v. City of Chicago, 561 U.S. 742, 786 (2010) ("repeat[ing the Heller Court's] assurances" that its "holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons and the mentally ill . . . or laws imposing conditions and qualifications on the commercial sale of arms'") (quoting Heller, 554 U.S. at 626-27), and whose modern formulation is akin to—and no more burdensome than—the "'shall-issue' licensing regimes" regarded favorably by the Supreme Court in Bruen, see 142 S. Ct. at 2138 n.9 (identifying 43 state licensing regimes that "appear to contain only 'narrow, objective, and definite standards' guiding licensing officials") (citation omitted); id. at 2162 (Kavanaugh, J., concurring) (characterizing such regimes as "objective"), and the court concluding

3

that the relevant federal firearm registration requirement, violations of which are punishable by fines and imprisonment, is consistent with the history and tradition of American firearm regulations and does not unduly burden the right of law-abiding citizens to lawfully keep and bear firearm silencers or mufflers, it is hereby ORDERED that:

1. The court's order (Doc. 73) of November 10, 2022, is VACATED.

2. Defendant's motions (Docs. 49, 55) to dismiss are DENIED.

3. Jury selection and trial in the above-captioned matter are CONTINUED to **Monday, February 6, 2023, at 9:30 a.m.**, in Courtroom No. 2, Ninth Floor, 228 Walnut Street, Harrisburg, Pennsylvania.

4. The court specifically finds, pursuant to 18 U.S.C. § 3161(h)(7)(A), that the ends of justice served by continuing this matter outweigh the best interests of the public and defendant in a speedy trial. The Clerk of Court shall exclude the appropriate time in the above-captioned matter pursuant to the Speedy Trial Act and this order.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania