CHIEF JUDGE DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR22-5139-DGE |
| Plaintiff, | MR. DEBORBA'S REPLY TO THE GOVERNMENT'S OPPOSITION TO HIS MOTION TO DISMISS COUNT 7 OF THE SUPERSEDING INDICTMENT |
| v. | |
| JOÃO RICARDO DEBORBA, | |
| Defendant. | |

The government's response in opposition to Mr. DeBorba's Motion to Dismiss Count 7 fails to justify the challenged statute's constitutionality. First, the government nowhere opposes or disputes Mr. DeBorba's argument that the statute violates his Second Amendment rights under the Court's "fee jurisprudence" doctrine. As such, the Court should dismiss the Count on this uncontested argument and need not reach the remaining issues. Second, if the Court reaches additional issues, the government has not engaged the text or historic tradition surrounding the Second Amendment to exclude silencers from its purview. Nor has the government provided adequate historical analogues to justify the NFA's regulation of firearms under *Bruen* by, among other shortfalls, failing to demonstrate similar purposes for the regulations. And Third, the government's incomplete summary of the evidence, in an attempt to defeat Mr. DeBorba's vagueness challenge, is unavailing and begs for an evidentiary hearing. The Court should dismiss Count 7 of the Superseding Indictment because 26 U.S.C. § 5861(d) is unconstitutional.

REPLY RE: MOTION TO DISMISS COUNT 7
OF SUPERSEDING INDICTMENT
(*United States v. DeBorba*, CR22-5139-DGE) - 1

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

## I. ARGUMENT

### A. The Court should dismiss Count 7 as unconstitutional under the Supreme Court's "fee jurisprudence" doctrine because the government has not refuted, and therefore conceded, the argument.

The government has not disputed Mr. DeBorba's argument that the National Firearms Act (NFA) violates the Second Amendment by levying a disproportionate tax, so the Court should dismiss Count 7 on this basis. In his Motion to Dismiss Count 7, Mr. DeBorba argued that the NFA violates his Second Amendment rights under the Supreme Court's "fee jurisprudence" doctrine by imposing a tax intended to deter constitutionally-protected activity, rather than simply to fund the relevant program (here the registration scheme). *See* Dkt. No. 56 at 25-27. The government did not address or dispute this argument in its response. *See generally* Dkt. No. 60.

The Court allowed the government two weeks to respond to the motion—more time than typically allowed under the Local Rules. *See* Dkt. No. 46. And the government is represented by the well-resourced U.S. Attorney's Office. *See* Dkt.; U.S. Dep't of J., FY 2022 Agency Financial Report (Updated Jan. 27, 2023), https://www.justice.gov/doj/fy-2022-agency-financial-report (detailing the substantial resources, including attorney staff, of the Department of Justice's component agencies, including the U.S. Attorney's Office).

Courts have read lack of response or opposition to arguments raised in opponents' motions as concessions, even for far less empowered litigants. *See, e.g.*, *Steger v. Peters*, No. 6:16-CV-02093-YY, 2018 WL 3430671, at *2 (D. Or. July 16, 2018) (where person in prison filed *pro se* civil rights claim, holding "Steger's failure to respond to defendants' motion for summary judgment is a concession on the merits."); *Bolbol v. City of Daly City*, 754 F. Supp. 2d 1095, 1115 (N.D. Cal. 2010) ("plaintiff fails to address this issue in her opposition brief and apparently concedes that she may not proceed on this claim."); *Ankele v. Hambrick*, 286 F. Supp. 2d 485, 496 (E.D. Pa.

REPLY RE: MOTION TO DISMISS COUNT 7
OF SUPERSEDING INDICTMENT
(*United States v. DeBorba*, CR22-5139-DGE) - 2

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

2003), *aff'd*, 136 F. App'x 551 (3d Cir. 2005) ("Plaintiff makes no response to this argument, and thus has waived his opportunity to contest it."); *Lykins v. Hohnbaum*, No. CIV. 01-63-JO, 2002 WL 32783973, at *3 (D. Or. Feb. 22, 2002) ("In their response to defendants' motion and in their own cross-motion, plaintiffs do not attempt to promote or defend their first amendment claim; indeed, they do not address it at all. I conclude, therefore, that plaintiffs concede that claim."). So too here, the Court should find that the government conceded Mr. DeBorba's "fee jurisprudence" argument, and should dismiss Count 7 of the Superseding Indictment on this basis.

> **B.   The Court should look to evidence—not fears or anecdotes—to determine whether the Second Amendment protects the right to possess and use silencers.**

If the Court reaches additional issues, the government has not met its burden under *Bruen*. The government argues primarily that a silencer simply receives no Second Amendment protection, so asks the Court to uphold the challenged statute at *Bruen* step 1. *See* Dkt. No. 60 at 2-7. The government argues alternatively that silencers are not arms or are "dangerous and unusual" weapons. However, the government rests its arguments on post-ratification responses to silencers rather than relevant history or actual evidence regarding the nature or prevalence of silencers. *See id*. Mr. DeBorba previously briefed these issues in his Motion. *See* Dkt. No. 56 at 7-16.

Among other issues, the government's claimed evidence that silencers are "dangerous" does not actually demonstrate dangerousness. The government relies on reactions to silencers after they were first patented and marketed as such in the early twentieth century. At that time, some reacted that they should be regulated because their functionality *could* allow people to commit crimes or to hunt/poach with a lower chance of detection. *See* Dkt. No. 60 at 5-6. But even these fears were either entirely hypothetical or very anecdotal, not the result of meaningful factual inquiry. *See Id*. at Ex. 1 a 16-20, 22-24. Indeed, the government does not dispute Mr. DeBorba's argument

REPLY RE: MOTION TO DISMISS COUNT 7
OF SUPERSEDING INDICTMENT
(*United States v. DeBorba*, CR22-5139-DGE) - 3

**FEDERAL PUBLIC DEFENDER**
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

that silencers in fact *improve* the safety and usability of firearms by reducing harmful noise. Instead, the government argues that there are *other ways* to protect one's hearing. *See* Dkt. No. 60 at 2-3 (n.1). The availability of one means of hearing protection does not negate the utility of another. The government has not demonstrated that firearms are "dangerous and unusual" weapons that lack Second Amendment protection.

> **C. The Second Amendment's statement that its protections shall not be "infringed" does not allow the government to substantially burden the exercise of Second Amendment rights free from constitutional scrutiny.**

The government also asks the Court to find that 26 U.S.C. § 5861(d) and the NFA as a whole do not "infringe" on Second Amendment rights because they do not constitute complete bans on possession. *See* Dkt. No. 60 at 7-8. In support of its argument, the government asks the Court to accept its novel reading of "infringe" in the Second Amendment to mean **only** a complete ban on possession of arms. *Id.* at 7 ("The Amendment does not say that the right to keep and bear arms cannot be 'burdened in any way,' but that it shall not be 'infringed.'"). There is no support for such reading in the plain text of the Second Amendment nor in controlling law.

The government itself recognizes that the term "infringe" has meanings beyond complete bans or dispossession. The government acknowledges that Webster's Dictionary as early as 1828 defined "infringe" as "'[t]o break; to violate; to transgress' and '[t]o destroy or hinder[.]'" *Id*. at 8. Hindering or transgressing a right includes making it more difficult to exercise the right, even if such exercise is still possible.

*Bruen* itself did not strike down an outright ban on gun possession, but rather a regulatory scheme that placed too great a burden on those seeking concealed carry permits. *See generally New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). And the Court acknowledged that economic or bureaucratic burdens on the exercise of Second Amendment rights were ripe for review. *See id.* at 2138 n.9

REPLY RE: MOTION TO DISMISS COUNT 7
OF SUPERSEDING INDICTMENT
(*United States v. DeBorba*, CR22-5139-DGE) - 4

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

("[W]e do not rule out constitutional challenges to shall-issue regimes where, for example, lengthy wait times in processing license applications or exorbitant fees deny ordinary citizens their right to public carry.").

The NFA's tax, regulate, and criminalize scheme certainly hinders and transgresses—i.e. infringes—the exercise of Second Amendment rights. As discussed above, Mr. DeBorba's "fee jurisprudence" argument demonstrates a clear means by which the statute violates the Second Amendment, *see* Dkt. No. 56 at 25-27—an argument the government did not respond to. The government even argued elsewhere that the NFA has significantly restricted access to silencers, and the ability of people to possess them. *See* Dkt. No. 60 at 6 n.3.

Furthermore, here, Mr. DeBorba specifically challenges 26 U.S.C. § 5861, the portion of the NFA that criminalizes the mere possession of a firearm lacking the required paperwork and tax payment. As explained in *United States v. Price*, which struck down a statute criminalizing the removal of a serial number:

> Contrary to the Government's argument that [the statute] does not amount to an "infringement" on the law-abiding citizen's Second Amendment right, the practical application is that while the law-abiding citizen's possession of the firearm was originally legal, it became illegal only because the serial number was removed. He could be prosecuted federally for his possession of it. That is the definition of an infringement on one's right to possess a firearm.

*United States v. Price*, No. 2:22-CR-00097, 2022 WL 6968457, at *3 (S.D.W.Va. 2022). The Court should find that the challenged statute here infringes conduct protected by the plaint text of the Second Amendment.

### D. The government's conclusory arguments, unsupported by a historical record, do not meet its burden under *Bruen* step 2.

In addition, the government's claims that it satisfied *Bruen* step 2 are conclusory, and not supported by *Bruen*. In this reply, Mr. DeBorba highlights two of the government's shortcomings (others were previously briefed at length in Mr. DeBorba's

REPLY RE: MOTION TO DISMISS COUNT 7
OF SUPERSEDING INDICTMENT
(*United States v. DeBorba*, CR22-5139-DGE) - 5

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

Motion). First, the government relies on historical regulations that are not from the relevant period under *Bruen*. The government cites to law from well over a century before the ratification of the Second Amendment that either required recording of or limited transfers of firearms. *See* Dkt. No. 60 at 9. And the government cites to statutes significantly *post*-dating ratification of the Second Amendment that required firearms and parts be tested for safety. *See id*.

Under *Bruen*, the relevant "historical tradition" is that which existed when the Second Amendment was ratified in 1791. 142 S. Ct. at 2136. That is because "[c]onstitutional rights are enshrined with the scope they were understood to have *when the people adopted them*." *Id*. (emphasis in original). Courts may look to the tradition of firearms regulation "before . . . and even after the founding" period, but should do so with care. *Id*. at 2131-32. *Bruen* cautioned that "[h]istorical evidence that long predates [1791] may not illuminate the scope of the [Second Amendment] right if linguistic or legal conventions changed in the intervening years." *Id*. at 2136. Similarly, historical evidence becomes less probative the farther forward in time one goes from 1791. *Id*. at 2136-37.

Second the government argues its proposed historical analogues are only "relevantly similar" to the statute challenged here, Dkt. No. 60 at 10-11, but fails to put forth any evidence that the analogues are similar in purpose to the challenged statute. The government argues without citation to authority nor historical evidence "[t]he 'why' is because of the unusual danger posed by silencers. And the burden on self-defense is minimal because silencers are not necessary to the carrying of a firearm for protection. Thus, the practice of the colonies and the United States of regulating commerce in firearms provides a sufficient historical analog to the NFA." Dkt. No. 60 at 10. But the government has presented zero evidence that its proposed historical analogues had a purpose of restricting unusually dangerous weapons. *See id*. The

REPLY RE: MOTION TO DISMISS COUNT 7
OF SUPERSEDING INDICTMENT
(*United States v. DeBorba*, CR22-5139-DGE) - 6

**FEDERAL PUBLIC DEFENDER**
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

government has presented no evidence whatsoever about the problem those analogues were intended to address. *See id*. When there is a dearth of information at *Bruen* step 2, it should be held against the government—the party with the burden. *See United States v. Bullock*, No. 3:18-CR-165-CWR-FKB, 2023 WL 4232309, at *15–16 (S.D. Miss. 2023) (Honorable Judge Carlton Reeves holding a lack of information in a *Bruen* challenge against "the party with the burden to prove history and tradition" and dismissing the challenged charge).

> E.  **The government does not defeat Mr. DeBorba's vagueness challenge with its own inferences or an incomplete view of the evidence.**

The government first seeks to defeat Mr. DeBorba's vagueness challenge by making claims about his personal knowledge, understanding, or expertise in firearms and firearm parts that are at best the government's own inferences. The government claims that Mr. DeBorba is a "gun enthusiast" who is "clearly knowledgeable about firearms[.]" Dkt. No. 60 at 12, 13. These claims are unproven. Similarly, the government's assumption that someone who *is* a gun enthusiast would also be an expert in the ATF's or the government's judgment of the intended purpose of various devices is also unproven. The Court should reject this argument as unsupported by evidence.

The government also presents an incomplete view of its own proposed expert's examination of the device at issue. Aware that a potential factor in evaluating whether an item is a silencer is whether a bullet could pass through it, the government claims the device here "had a hole in both the front and rear end-caps to allow a bullet to pass through[.]" Dkt. No. 60 at 13. And the government copies into its brief a picture of the disassembled outer part of the device, without clarifying that the picture is not of the device as a whole. *See* Dkt. No. 60 at 16 ("the device DeBorba possessed simply could not act as a "solvent trap" to collect solvent or debris, because it has a hole on each end

REPLY RE: MOTION TO DISMISS COUNT 7
OF SUPERSEDING INDICTMENT
(*United States v. DeBorba*, CR22-5139-DGE) - 7

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

cap.") (copying a photograph from Dkt. No. 56, Ex. K at 9). The government does not address the entirety of the evidence and its proposed expert's explanation.

Indeed, the government's own proposed expert explained that the item had an outer and inner cylinder, and described the inner cylinder as follows:

> The ported metal tube is the main part of the filter and is designed to contain and support the filter medium. The perforations in the metal tube are to allow fluid to flow through the tube. The pleated filter medium is formed into a hollow cylinder and is located inside of the ported tube and intended to trap unwanted particles in fluid passing through. The filter element has one closed cap and one open cap to assist in directing the flow of fluid through the filter element (see attached photos).

Ex. K at 5. The referenced photos make clear that the inner cylinder did *not* allow a bullet to pass through:



Ex. K at 9. The evidence in this case does *not* defeat Mr. DeBorba's as-applied vagueness challenge. If the Court has any doubts, an evidentiary hearing is needed to resolve those doubts.

REPLY RE: MOTION TO DISMISS COUNT 7
OF SUPERSEDING INDICTMENT
(*United States v. DeBorba*, CR22-5139-DGE) - 8

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

Furthermore, the government asks the Court to decline to consider Mr. DeBorba's facial vagueness challenge here because the statute does not implicate the First Amendment. *See* Dkt. No. 60 at 14. However, "[t]he constitutional right to bear arms in public for self-defense is not 'a second-class right, subject to an entirely different body of rules than the other Bill of Rights guarantees.'" *Bruen*, 142 S. Ct. at 2156 (quoting on *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 780 (2010) (plurality opinion)). A facial challenge is appropriate here for the same reasons it is appropriate in the First Amendment context: the Constitution's Framers singled out the right to bear arms as a fundamental right on par with the rights to free speech and freedom of religion. To allow facially vague statutes to survive would run the risk of chilling the exercise of these fundamental rights and "arbitrarily suppressing [Second] Amendment liberties." *United States v. Jae Gab Kim*, 449 F.3d 933, 942 n.15 (9th Cir. 2006). Accordingly, it meets the standard for a facial challenge announced in *Kashem v. Barr*, 941 F.3d 358, 377 (9th Cir. 2019).

## II. CONCLUSION

The Court should dismiss Count 7 of the Superseding Indictment. The charge is unconstitutional on its face and as applied here.

DATED this 9th day of November, 2023.

Respectfully submitted,

s/ *Rebecca Fish*
Assistant Federal Public Defender
Attorney for João Ricardo DeBorba

REPLY RE: MOTION TO DISMISS COUNT 7
OF SUPERSEDING INDICTMENT
(*United States v. DeBorba*, CR22-5139-DGE) - 9

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710