The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR22-5139-DGE |
| Plaintiff | |
| v. | UNITED STATES' PROPOSED JURY INSTRUCTIONS |
| JOAO RICARDO DEBORBA, | |
| Defendant. | |

## <u>UNITED STATES' PROPOSED JURY INSTRUCTIONS</u>

### (Cited)

DATED this 2nd day of January, 2024.

Respectfully submitted,

TESSA M. GORMAN
Acting United States Attorney

 *s/ Max B. Shiner*
Max B. Shiner
Amanda McDowell
Assistant United States Attorneys
United States Attorney's Office
1201 Pacific Ave., Suite 700
Tacoma, WA 98402
Telephone: (253)-428-3822
E-mail: max.shiner@usdoj.gov

United States' Proposed Jury Instructions - i
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

| **Preliminary Instructions** | | | |
|---|---|---|---|
| **Proposed Instruction No.** | **Description** | **Source/Authority** | **Page No.** |
| 1 | Unconscious Bias Instruction | WDWA Crim. Jury Instructions – Unconscious Bias, Preliminary Instruction | 1 |
| 2 | Duty of Jury | WDWA Crim. Jury Instructions – Unconscious Bias, Duty of Jury | 2 |
| 3 | The Charge—Presumption of Innocence | 9th Cir. Model Crim. Instruction 1.2 | 3-5 |
| 4 | What is Evidence | 9th Cir. Model Crim. Instruction 1.3 | 6 |
| 5 | What is Not Evidence | 9th Cir. Model Crim. Instruction 1.4 | 7 |
| 6 | Direct and Circumstantial Evidence | 9th Cir. Model Crim. Instruction 1.5 | 8 |
| 7 | Ruling on Objections | 9th Cir. Model Crim. Instruction 1.6 | 9 |
| 8 | Credibility of Witnesses | 9th Cir. Model Crim. Instruction 1.7; WDWA Crim. Jury Instructions – Unconscious Bias, Credibility of Witnesses | 10-11 |
| 9 | Conduct of the Jury | 9th Cir. Model Crim. Instruction 1.8 | 12-13 |
| 10 | No Transcript Available to Jury | 9th Cir. Model Crim. Instruction 1.9 | 14 |
| 11 | Taking Notes | 9th Cir. Model Crim. Instruction 1.10 | 15 |
| 12 | Outline of Trial | 9th Cir. Model Crim. Instruction 1.11 | 16 |
| 13 | Bench Conferences and Recesses | 9th Cir. Model Crim. Instruction 1.16 | 17 |
| **Instructions During Course of Trial** | | | |
| **Proposed Instruction No.** | **Description** | **Source/Authority** | **Page No.** |
| 14 | Cautionary Instructions—First Recess | 9th Cir. Model Crim. Instruction 2.1 | 18-19 |
| 15 | Stipulations of Fact | 9th Cir. Model Crim. Instruction 2.3 | 20 |

United States' Proposed Jury Instructions - ii
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253-428-3800

| 16 | Other Crimes, Wrongs or Acts of Defendant | 9th Cir. Model Crim. Instruction 2.10 | 21-22 |
|---|---|---|---|
| **Final Instructions** | | | |
| **Proposed Instruction No.** | **Description** | **Source/Authority** | **Page No.** |
| 17 | Duties of Jury to Find Facts and Follow Law | 9th Cir. Model Crim. Instruction 6.1; WDWA Crim. Jury Instructions – Unconscious Bias, Duty of Jury | 23 |
| 18 | Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof | 9th Cir. Model Crim. Instruction 6.2 | 24 |
| 19 | Defendant's Decision Not to Testify | 9th Cir. Model Crim. Instruction 6.3 | 25 |
| 20 | Defendant's Decision to Testify | 9th Cir. Model Crim. Instruction 6.4 | 26 |
| 21 | Reasonable Doubt—Defined | 9th Cir. Model Crim. Instruction 6.5 | 27 |
| 22 | What Is Evidence | 9th Cir. Model Crim. Instruction 6.6 | 28 |
| 23 | What Is Not Evidence | 9th Cir. Model Crim. Instruction 6.7 | 29 |
| 24 | Direct and Circumstantial Evidence | 9th Cir. Model Crim. Instruction 6.8 | 30 |
| 25 | Credibility of Witnesses | 9th Cir. Model Crim. Instruction 6.9 | 31-32 |
| 26 | Activities Not Charged | 9th Cir. Model Crim. Instruction 6.10 | 33 |
| 27 | Separate Consideration of Multiple Counts—Single Defendant | 9th Cir. Model Crim. Instruction 6.11 | 34 |
| 28 | On or About—Defined | 9th Cir. Model Crim. Instruction 6.18 | 35 |
| 29 | Firearms—Unlawful Possession (Count 1) | 18 U.S.C. § 922(g); 9th Cir. Model Crim. Instruction 14.15 | 36 |
| 30 | Firearms—Unlawful Possession (Count 2) | 18 U.S.C. § 922(g); 9th Cir. Model Crim. Instruction 14.15 | 37 |
| 31 | Domestic Violence Restraining Order Defined | 18 U.S.C. § 922(g)(8)(A)-(C) | 38 |

United States' Proposed Jury Instructions - iii
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

| 32 | Firearms—Unlawful Possession (Count 3) | 18 U.S.C. § 922(g); 9th Cir. Model Crim. Instruction 14.15 | 39 |
| 33 | Firearms—False Statement or Identification in Acquisition or Attempted Acquisition (Count 4) | 9th Cir. Model Crim. Instruction 14.8 | 40 |
| 34 | Firearms—False Statement or Identification in Acquisition or Attempted Acquisition (Count 5) | 9th Cir. Model Crim. Instruction 14.8 | 41 |
| 35 | False Impersonation of Citizen of United States (18 U.S.C. § 911) (Count 6) | 9th Cir. Model Crim. Instruction 24.8 | 42 |
| 36 | Firearms—Possession of Unregistered Firearm (26 U.S.C. § 5861(d)) (Count 7) | 9th Cir. Model Crim. Instruction 14.25; 18 U.S.C. § 922(a)(25) | 43 |
| 37 | Possession—Defined | 9th Cir. Model Crim. Instruction 6.15 | 44 |
| 38 | Knowingly | 9th Cir. Model Crim. Instruction 4.8 | 45 |
| 39 | Statements by Defendant | 9th Cir. Model Crim. Instruction 3.1 | 46 |
| 40 | Other Crimes, Wrongs or Acts of Defendant | 9th Cir. Model Crim. Instruction 3.3 | 47 |
| 41 | Opinion Evidence, Expert Witness | 9th Cir. Model Crim. Instruction 3.14 | 48 |
| 42 | Duty to Deliberate | 9th Cir. Model Crim. Instruction 6.19 | 49 |
| 43 | Consideration of Evidence—Conduct of the Jury | 9th Cir. Model Crim. Instruction 6.20 | 50 |
| 44 | Use of Notes | 9th Cir. Model Crim. Instruction 6.21 | 51 |
| 45 | Jury Consideration of Punishment | 9th Cir. Model Crim. Instruction 6.22 | 52 |
| 46 | Verdict Form | 9th Cir. Model Crim. Instruction 6.23 | 53 |
| 47 | Communication with Court | 9th Cir. Model Crim. Instruction 6.24 | 54 |

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

## <u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 1</u>

INSTRUCTION NO. _____

*To be given to the entire panel before jury selection:*

It is important that you discharge your duties without discrimination, meaning that bias regarding the race, color, religious beliefs, national origin, sexual orientation, gender identity, or gender of the defendant, any witnesses, and the lawyers should play no part in the exercise of your judgment throughout the trial.

Accordingly, during this voir dire and jury selection process, I and the lawyers may ask questions related to the issues of bias and unconscious bias.

Western District of Washington, Unconscious Bias, Preliminary Instruction.

United States' Proposed Jury Instructions - 1
*United States v. DeBorba,* CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## **GOVERNMENT'S PROPOSED INSTRUCTION NO. 2**

INSTRUCTION NO. ____

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed [written] instructions that will control your deliberations. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.

In addition, please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be—that is entirely up to you.

Western District of Washington, Criminal Jury Instructions – Unconscious Bias, Duty of Jury

United States' Proposed Jury Instructions - 2
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 3

INSTRUCTION NO. _____

This is a criminal case brought by the United States government. The government charges the defendant, Joao Ricardo DeBorba, with seven offenses. The charges are contained in the indictment. The indictment simply describes the charges the government brings against the defendant. The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence.

To help you follow the evidence, I will now give you a brief summary of the elements of the crimes that the government must prove to make its case:

The defendant is charged in Counts 1 and 2 of the indictment with unlawful possession of firearms and ammunition. To find the defendant guilty of Count 1 or Count 2, the government must prove that:

First, the defendant knowingly possessed a firearm or ammunition;

Second, the firearm or ammunition that the defendant possessed had been shipped or transported from one state to another or between a foreign nation and the United States, or otherwise affected interstate commerce;

Third, at the time the defendant possessed the firearm or ammunition, the defendant was, and knew he was: (1) an alien illegally and unlawfully in the United States or admitted to the United States under a nonimmigrant visa; or (2) subject to a court order that was issued after a hearing of which he received actual notice and at which he had an opportunity to participate, which restrained him from harassing, stalking, or threatening an intimate partner, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury, and included a finding that he

United States' Proposed Jury Instructions - 3
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  represents a credible threat to the physical safety of such intimate partner; or by its terms

2  explicitly prohibits the use, attempted use, or threatened use of physical force against

3  such intimate partner that would reasonably be expected to cause bodily injury.

4

5  The defendant is charged in Count 3 of the indictment with unlawful possession of

6  a firearm. To find the defendant guilty of Count 3, the government must prove that:

7  First, the defendant knowingly possessed a firearm;

8  Second, the firearm that the defendant possessed had been shipped or transported

9  from one state to another or between a foreign nation and the United States, or otherwise

10  affected interstate commerce;

11  Third, at the time the defendant possessed the firearm, the defendant was an alien

12  illegally and unlawfully in the United States or admitted to the United States under a

13  nonimmigrant visa; and

14  Fourth, at the time the defendant possessed the firearm, the defendant knew he

15  was an alien illegally and unlawfully in the United States or admitted to the United States

16  under a nonimmigrant visa.

17

18  The defendant is charged in Counts 4 and 5 of the indictment with making a false

19  statement in connection with the acquisition of a firearm. To find the defendant guilty of

20  Counts 4 and 5, the government must prove that:

21  First, in connection with acquiring a firearm, the defendant made a false statement;

22  Second, the false statement was to a licensed firearms dealer;

23  Third, the defendant knew the statement was false; and

24  Fourth, the false statement was material; that is, the false statement had a natural

25  tendency to influence or was capable of influencing dealer into believing that the firearm

26  could be lawfully sold to the defendant.

27

United States' Proposed Jury Instructions - 4
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1    The defendant is charged in Count 6 of the indictment with misrepresenting

2    himself to be a citizen of the United States. To find the defendant guilty of Count 6, the

3    government must prove that:

4        First, the defendant directly and falsely represented himself to be a citizen of the

5    United States;

6        Second, the defendant was not a citizen of the United States at that time;

7        Third, the defendant made such false representation willfully, that is, the

8    misrepresentation was voluntarily and deliberately made; and

9        Fourth, the false representation was made to someone who had good reason to

10   make inquiry into defendant's citizenship status.

11

12       The defendant is charged in Count 7 of the indictment with possession of an

13   unregistered firearm silencer. To find the defendant guilty of Count 7, the government

14   must prove that:

15       First, the defendant knowingly possessed a firearm silencer;

16       Second, the defendant was aware that the device was a firearm silencer; and

17       Third, the defendant had not registered the firearm silencer with the National

18   Firearms Registration and Transfer Record.

19

20

21

22

23

24

25   Ninth Circuit Model Criminal Jury Instruction 1.2 – The Charge—Presumption of

26   Innocence

27   *2022 Edition, current as of August 2023*

United States' Proposed Jury Instructions - 5
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1    <u>**GOVERNMENT'S PROPOSED INSTRUCTION NO. 4**</u>

2    INSTRUCTION NO. _____

3    The evidence you are to consider in deciding what the facts are consists of:

4    First, the sworn testimony of any witness;

5    Second, the exhibits that are received in evidence; and

6    Third, any facts to which the parties agree.

26    Ninth Circuit Model Criminal Jury Instruction 1.3 – What is Evidence

27    *2022 Edition, current as of August 2023*

United States' Proposed Jury Instructions - 6
*United States v. DeBorba,* CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1 | **<u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 5</u>**

2 | INSTRUCTION NO. ____

3 | The following things are *not* evidence, and you must not consider them as

4 | evidence in deciding the facts of this case:

5 | First, statements and arguments of the attorneys;

6 | Second, questions and objections of the attorneys;

7 | Third, testimony that I instruct you to disregard; and

8 | Fourth, anything you may see or hear when the court is not in session even if what

9 | you see or hear is done or said by one of the parties or by one of the witnesses.

26 | Ninth Circuit Model Criminal Jury Instruction 1.4 – What is Not Evidence

27 | *2022 Edition, current as of August 2023*

United States' Proposed Jury Instructions - 7
*United States v. DeBorba,* CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1

## <u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 6</u>

2

INSTRUCTION NO. ____

3

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact,

4

such as testimony by a witness about what that witness personally saw or heard or did.

5

Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from

6

which one can find another fact.

7

You are to consider both direct and circumstantial evidence. Either can be used to

8

prove any fact. The law makes no distinction between the weight to be given to either

9

direct or circumstantial evidence. It is for you to decide how much weight to give to any

10

evidence.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Ninth Circuit Model Criminal Jury Instruction 1.5 – Direct and Circumstantial Evidence

27

*2022 Edition, current as of August 2023*

United States' Proposed Jury Instructions - 8
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 7

INSTRUCTION NO. ____

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Ninth Circuit Model Criminal Jury Instruction 1.6 – Ruling on Objections

*2022 Edition, current as of August 2023*

United States' Proposed Jury Instructions - 9
*United States v. DeBorba,* CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 8

INSTRUCTION NO. _____

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

United States' Proposed Jury Instructions - 10
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1    You must avoid bias, conscious or unconscious, based on a witness's race, color,

2    religious beliefs, national ancestry, sexual orientation, gender identity, gender, or

3    economic circumstances in your determination of credibility.

4    The weight of the evidence as to a fact does not necessarily depend on the number

5    of witnesses who testify about it.  What is important is how believable the witnesses are,

6    and how much weight you think their testimony deserves.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    Ninth Circuit Model Criminal Jury Instruction 1.7 – Credibility of Witnesses

25    *2022 Edition, current as of August 2023*

26    Western District of Washington, Criminal Jury Instructions – Unconscious Bias,

27    Credibility of Witnesses

United States' Proposed Jury Instructions - 11
*United States v. DeBorba,* CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 9

INSTRUCTION NO. _____

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter. In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information

United States' Proposed Jury Instructions - 12
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1   that there will be news reports about this case; do not do any research, such as consulting

2   dictionaries, searching the Internet or using other reference materials; and do not make

3   any investigation or in any other way try to learn about the case on your own. Do not visit

4   or view any place discussed in this case, and do not use the Internet or any other resource

5   to search for or view any place discussed during the trial. Also, do not do any research

6   about this case, the law, or the people involved—including the parties, the witnesses or

7   the lawyers—until you have been excused as jurors. If you happen to read or hear

8   anything touching on this case in the media, turn away and report it to me as soon as

9   possible.

10          These rules protect each party's right to have this case decided only on evidence

11   that has been presented here in court. Witnesses here in court take an oath to tell the truth,

12   and the accuracy of their testimony is tested through the trial process. If you do any

13   research or investigation outside the courtroom, or gain any information through

14   improper communications, then your verdict may be influenced by inaccurate,

15   incomplete, or misleading information that has not been tested by the trial process. Each

16   of the parties is entitled to a fair trial by an impartial jury, and if you decide the case

17   based on information not presented in court, you will have denied the parties a fair trial.

18   Remember, you have taken an oath to follow the rules, and it is very important that you

19   follow these rules.

20          A juror who violates these restrictions jeopardizes the fairness of these

21   proceedings, and a mistrial could result that would require the entire trial process to start

22   over. If any juror is exposed to any outside information, please notify the court

23   immediately.

24

25

26   Ninth Circuit Model Criminal Jury Instruction 1.8 – Conduct of the Jury

27   *2022 Edition, current as of August 2023*

United States' Proposed Jury Instructions - 13
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1    **<u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 10</u>**

2    INSTRUCTION NO. _____

3    At the end of the trial, you will have to make your decision based on what you

4    recall of the evidence. You will not have a written transcript of the trial. I urge you to pay

5    close attention to the testimony as it is given.

26   Ninth Circuit Model Criminal Jury Instruction 1.9 – No Transcript Available to Jury

27   *2022 Edition, current as of August 2023*

United States' Proposed Jury Instructions - 14
*United States v. DeBorba,* CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 11

INSTRUCTION NO. ____

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instruction 1.10 – Taking Notes

*2022 Edition, current as of August 2023*

United States' Proposed Jury Instructions - 15
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 12

2

INSTRUCTION NO. _____

3       The next phase of the trial will now begin. First, each side may make an opening

4   statement. An opening statement is not evidence. It is simply an outline to help you

5   understand what that party expects the evidence will show. A party is not required to

6   make an opening statement.

7       The government will then present evidence and counsel for the defendant may

8   cross-examine. Then, if the defendant chooses to offer evidence, counsel for the

9   government may cross-examine.

10      After the evidence has been presented, I will instruct you on the law that applies to

11  the case and the attorneys will make closing arguments.

12      After that, you will go to the jury room to deliberate on your verdict.

13

14

15

16

17

18

19

20

21

22

23

24

25

26  Ninth Circuit Model Criminal Jury Instruction 1.11 – Outline of Trial

27  *2022 Edition, current as of August 2023*

United States' Proposed Jury Instructions - 16
*United States v. DeBorba,* CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  <u>**GOVERNMENT'S PROPOSED INSTRUCTION NO. 13**</u>

2  INSTRUCTION NO. ____

3  During the trial, I may need to take up legal matters with the attorneys privately,

4  either by having a conference at the bench when the jury is present in the courtroom, or

5  by calling a recess. Please understand that while you are waiting, we are working. The

6  purpose of these conferences is not to keep relevant information from you, but to decide

7  how certain evidence is to be treated under the rules of evidence and to avoid confusion

8  and error.

9  Of course, we will do what we can to keep the number and length of these

10  conferences to a minimum. I may not always grant an attorney's request for a conference.

11  Do not consider my granting or denying a request for a conference as any indication of

12  my opinion of the case or what your verdict should be.

13

14

15

16

17

18

19

20

21

22

23

24

25

26  Ninth Circuit Model Criminal Jury Instruction 1.16 – Bench Conferences and Recesses

27  *2022 Edition, current as of August 2023*

United States' Proposed Jury Instructions - 17
*United States v. DeBorba,* CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1    <u>**GOVERNMENT'S PROPOSED INSTRUCTION NO. 14**</u>

2    INSTRUCTION NO. \_\_\_\_

3    At the End of Each Day of the Case:

4    As I indicated before this trial started, you as jurors will decide this case based

5    solely on the evidence presented in this courtroom. This means that after you leave here

6    for the night, you must not conduct any independent research about this case, the matters

7    in the case, the legal issues in the case, or the individuals or other entities involved in the

8    case. This is important for the same reasons that jurors have long been instructed to limit

9    their exposure to traditional forms of media information such as television and

10    newspapers. You also must not communicate with anyone, in any way, about this case.

11    And you must ignore any information about the case that you might see while browsing

12    the Internet or your social media feeds.

13

14    At the Beginning of Each Day of the Case:

15    As I reminded you yesterday and continue to emphasize to you today, it is

16    important that you decide this case based solely on the evidence and the law presented

17    here. So you must not learn any additional information about the case from sources

18    outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of

19    you whether you have learned about or shared any information about this case outside of

20    this courtroom, even if it was accidental.

21

22    [ALTERNATIVE 1 (in open court): if you think that you might have done so, please let

23    me know now by raising your hand. [Wait for a show of hands]. I see no raised hands;

24    however, if you would prefer to talk to the court privately in response to this question,

25    please notify a member of the court's staff at the next break. Thank you for your careful

26    adherence to my instructions.]

27

United States' Proposed Jury Instructions - 18
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1   [ALTERNATIVE 2 (during voir dire with each juror, individually): Have you learned

2   about or shared any information about this case outside of this courtroom? . . . Thank you

3   for your careful adherence to my instructions.]

26   Ninth Circuit Model Criminal Jury Instruction 2.1 – Cautionary Instruction—First Recess

27   *2022 Edition, current as of August 2023*

United States' Proposed Jury Instructions - 19
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1          <u>**GOVERNMENT'S PROPOSED INSTRUCTION NO. 15**</u>

2                              INSTRUCTION NO. _____

3          The parties have agreed to certain facts that have been stated to you. Those facts

4     are now conclusively established.

26    Ninth Circuit Model Criminal Jury Instruction 2.3 – Stipulations of Fact

27    *2022 Edition, current as of August 2023*

United States' Proposed Jury Instructions - 20
*United States v. DeBorba,* CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1        **GOVERNMENT'S PROPOSED INSTRUCTION NO. 16**

2                      INSTRUCTION NO. ____

3   [If requested during course of trial]

4        You [have heard testimony] [have seen evidence] that the defendant [summarize

5   other act evidence]. This evidence of other acts [was] admitted only for limited purposes.

6   You may consider this evidence only for the purpose of deciding whether the defendant:

7        [had the state of mind, knowledge, or intent necessary to commit the crimes

8   charged in the indictment;]

9                              or

10       [had a motive or the opportunity to commit the acts charged in the indictment;]

11                             or

12       [was preparing or planning to commit the acts charged in the indictment;]

13                             or

14       [acted with a method of operation as evidenced by a unique pattern [describe

15  pattern];]

16                             or

17       [did not commit the acts for which the defendant is on trial by accident or

18  mistake;]

19                             or

20       [is the person who committed the crime charged in the indictment. You may

21  consider this evidence to help you decide [describe how the evidence will be used to

22  prove identity];]

23                             or

24  [describe other purpose for which other act evidence was admitted.]

25       Do not consider this evidence for any other purpose.

26       Of course, it is for you to determine whether you believe this evidence and, if you

27  do believe it, whether you accept it for the purpose offered. You may give it such weight

United States' Proposed Jury Instructions - 21
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1   as you feel it deserves, but only for the limited purpose that I described to you.

2        The defendant is not on trial for committing these other acts. You may not

3   consider the evidence of these other acts as a substitute for proof that the defendant

4   committed the crimes charged. You may not consider this evidence as proof that the

5   defendant has a bad character or any propensity to commit crimes. Specifically, you may

6   not use this evidence to conclude that because the defendant may have committed the

7   other acts, he must also have committed the acts charged in the indictment.

8        Remember that the defendant is on trial here only for the charges set forth in the

9   indictment, not for these other acts. Do not return a guilty verdict unless the government

10  proves the crimes charged in the indictment beyond a reasonable doubt.

25  Ninth Circuit Model Criminal Jury Instruction 2.10 – Other Crimes, Wrongs or Acts of

26  Defendant

27  *2022 Edition, current as of August 2023*

United States' Proposed Jury Instructions - 22
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## <u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 17</u>

INSTRUCTION NO. ____

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

Ninth Circuit Model Criminal Jury Instruction 6.1 – Duties of Jury to Find Facts and Follow Law

*2022 Edition, current as of August 2023*

Western District of Washington, Criminal Jury Instructions – Unconscious Bias, Duty of Jury

United States' Proposed Jury Instructions - 23
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1   <u>**GOVERNMENT'S PROPOSED INSTRUCTION NO. 18**</u>

2   INSTRUCTION NO. _____

3   The indictment is not evidence. The defendant has pleaded not guilty to the

4   charges. The defendant is presumed to be innocent unless and until the government

5   proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does

6   not have to testify or present any evidence. The defendant does not have to prove

7   innocence; the government has the burden of proving every element of the charges

8   beyond a reasonable doubt.

25   Ninth Circuit Model Criminal Jury Instruction 6.2 – Charge Against Defendant Not

26   Evidence—Presumption of Innocence—Burden of Proof

27   *2022 Edition, current as of August 2023*

United States' Proposed Jury Instructions - 24
*United States v. DeBorba,* CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 19

2

INSTRUCTION NO. _____

3

[If defendant does not testify]

4
5
6

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Ninth Circuit Model Criminal Jury Instruction 6.3 – Defendant's Decision Not to Testify

27

*2022 Edition, current as of August 2023*

United States' Proposed Jury Instructions - 25
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1

## <u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 20</u>

2

INSTRUCTION NO. \_\_\_\_

3

[If defendant testifies]

4

The defendant has testified. You should treat this testimony just as you would the

5

testimony of any other witness.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Ninth Circuit Model Criminal Jury Instruction 6.4 – Defendant's Decision to Testify

27

*2022 Edition, current as of August 2023*

United States' Proposed Jury Instructions - 26
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1   **GOVERNMENT'S PROPOSED INSTRUCTION NO. 21**

2   INSTRUCTION NO. _____

3   Proof beyond a reasonable doubt is proof that leaves you firmly convinced the

4   defendant is guilty. It is not required that the government prove guilt beyond all possible

5   doubt.

6   A reasonable doubt is a doubt based upon reason and common sense and is not

7   based purely on speculation. It may arise from a careful and impartial consideration of all

8   the evidence, or from lack of evidence.

9   If after a careful and impartial consideration of all the evidence, you are not

10  convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find

11  the defendant not guilty. On the other hand, if after a careful and impartial consideration

12  of all the evidence, you are convinced beyond a reasonable doubt that the defendant is

13  guilty, it is your duty to find the defendant guilty.

14

15

16

17

18

19

20

21

22

23

24

25

26  Ninth Circuit Model Criminal Jury Instruction 6.5 – Reasonable Doubt—Defined

27  *2022 Edition, current as of August 2023*

United States' Proposed Jury Instructions - 27
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1

## <u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 22</u>

2

INSTRUCTION NO. _____

3    The evidence you are to consider in deciding what the facts are consists of:

4    First, the sworn testimony of any witness;

5    Second, the exhibits received in evidence; and

6    Third, any facts to which the parties have agreed.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    Ninth Circuit Model Criminal Jury Instruction 6.6 – What is Evidence

27    *2022 Edition, current as of August 2023*

United States' Proposed Jury Instructions - 28
*United States v. DeBorba,* CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 23

INSTRUCTION NO. _____

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1.      Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.      Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Model Criminal Jury Instruction 6.7 – What is Not Evidence
*2022 Edition, current as of August 2023*

United States' Proposed Jury Instructions - 29
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 24

2

INSTRUCTION NO. _____

3   Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact,

4   such as testimony by a witness about what that witness personally saw or heard or did.

5   Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from

6   which you can find another fact.

7   You are to consider both direct and circumstantial evidence. Either can be used to

8   prove any fact. The law makes no distinction between the weight to be given to either

9   direct or circumstantial evidence. It is for you to decide how much weight to give to any

10  evidence.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  Ninth Circuit Model Criminal Jury Instruction 6.8 – Direct and Circumstantial Evidence

27  *2022 Edition, current as of August 2023*

United States' Proposed Jury Instructions - 30
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 25

INSTRUCTION NO. ____

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

United States' Proposed Jury Instructions - 31
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  You must avoid bias, conscious or unconscious, based on a witness's race, color,

2  religious beliefs, national ancestry, sexual orientation, gender identity, gender, or

3  economic circumstances in your determination of credibility.

4  The weight of the evidence as to a fact does not necessarily depend on the number

5  of witnesses who testify. What is important is how believable the witnesses were, and

6  how much weight you think their testimony deserves.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  Ninth Circuit Model Criminal Jury Instruction 6.9 – Credibility of Witnesses

27  *2022 Edition, current as of August 2023*

United States' Proposed Jury Instructions - 32
*United States v. DeBorba,* CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 26**

2

INSTRUCTION NO. _____

3

You are here only to determine whether the defendant is guilty or not guilty of the

4

charges in the indictment. The defendant is not on trial for any conduct or offense not

5

charged in the indictment.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Ninth Circuit Model Criminal Jury Instruction 6.10 – Activities Not Charged

27

*2022 Edition, current as of August 2023*

1

## <u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 27</u>

2

INSTRUCTION NO. _____

3    A separate crime is charged against the defendant in each count. You must decide

4  each count separately. Your verdict on one count should not control your verdict on any

5  other count.

25  Ninth Circuit Model Criminal Jury Instruction 6.11 – Separate Consideration of Multiple

26  Counts—Single Defendant

27  *2022 Edition, current as of August 2023*

United States' Proposed Jury Instructions - 34
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 28

INSTRUCTION NO. _____

The indictment charges that the offenses alleged in Counts 1 through 7 were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

Ninth Circuit Model Criminal Jury Instruction 6.18 – On or About—Defined

*2022 Edition, current as of August 2023*

United States' Proposed Jury Instructions - 35
*United States v. DeBorba,* CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 29

INSTRUCTION NO. ____

The defendant is charged in Count 1 of the indictment with the possession of firearms and ammunition in violation of Sections 922(g)(5) and (8) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed a firearm or ammunition described in Count 1 of the indictment;

Second, the firearm or ammunition that the defendant possessed had been shipped or transported from one state to another or between a foreign nation and the United States, or otherwise affected interstate commerce;

Third, at the time the defendant possessed the firearm or ammunition, the defendant was, and knew he was: (1) an alien illegally and unlawfully in the United States or admitted to the United States under a nonimmigrant visa; or (2) subject to a court order meeting the requirements of Title 18, United States Code, Section 922(g)(8)(A)-(C).

18 U.S.C. § 922(g);

Ninth Circuit Model Criminal Jury Instruction 14.15 – Firearms—Unlawful Possession *2022 Edition, current as of August 2023* (modified to track indictment)

United States' Proposed Jury Instructions - 36
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 30**

INSTRUCTION NO. _____

The defendant is charged in Count 2 of the indictment with the possession of firearms and ammunition in violation of Sections 922(g)(5) and (8) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed a firearm or ammunition described in Count 2 of the indictment;

Second, the firearm or ammunition that the defendant possessed had been shipped or transported from one state to another or between a foreign nation and the United States, or otherwise affected interstate commerce; and

Third, at the time the defendant possessed the firearm or ammunition, the defendant was, and knew he was: (1) an alien illegally and unlawfully in the United States or admitted to the United States under a nonimmigrant visa; or (2) subject to a court order meeting the requirements of Title 18, United States Code, Section 922(g)(8)(A)-(C).

18 U.S.C. § 922(g);

Ninth Circuit Model Criminal Jury Instruction 14.15 – Firearms—Unlawful Possession *2022 Edition, current as of August 2023* (modified to track indictment)

United States' Proposed Jury Instructions - 37
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1          **GOVERNMENT'S PROPOSED INSTRUCTION NO. 31**

2                          INSTRUCTION NO. _____

3          For purposes of Counts 1 and 2, a person is subject to a court order meeting the

4   requirements of Title 18, United States Code, Section 922(g)(8)(A)-(C) if the order:

5          (1)   Was issued after a hearing of which such person received actual notice, and

6                at which such person had an opportunity to participate;

7          (2)   Restrains such person from harassing, stalking, or threatening an intimate

8                partner of such person, or engaging in other conduct that would place an

9                intimate partner in reasonable fear of bodily injury to the partner; and

10         (3)   Includes a finding that such person represents a credible threat to the

11               physical safety of such intimate partner; or by its terms explicitly prohibits

12               the use, attempted use, or threatened use of physical force against such

13               intimate partner that would reasonably be expected to cause bodily injury.

27  18 U.S.C. § 922(g)(8)(A)-(C)

United States' Proposed Jury Instructions - 38
*United States v. DeBorba,* CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 32

INSTRUCTION NO. _____

The defendant is charged in Count 3 of the indictment with the possession of a firearm in violation of Section 922(g)(5) of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed a firearm, specifically, a Glock model 26 9mm caliber handgun as described in Count 3 of the indictment;

Second, the firearm that the defendant possessed had been shipped or transported from one state to another or between a foreign nation and the United States, or otherwise affected interstate commerce;

Third, at the time the defendant possessed the firearm, the defendant was an alien illegally and unlawfully in the United States or admitted to the United States under a nonimmigrant visa; and

Fourth, at the time the defendant possessed the firearm, the defendant knew he was an alien illegally and unlawfully in the United States or admitted to the United States under a nonimmigrant visa.

18 U.S.C. § 922(g);

Ninth Circuit Model Criminal Jury Instruction 14.15 – Firearms—Unlawful Possession *2022 Edition, current as of August 2023* (modified to track indictment)

United States' Proposed Jury Instructions - 39
*United States v. DeBorba,* CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 33

2

INSTRUCTION NO. _____

3   The defendant is charged in Count 4 of the indictment with making a false

4   statement in connection with the acquisition of a firearm in violation of Section 922(a)(6)

5   of the United States Code. For the defendant to be found guilty of that charge, the

6   government must prove each of the following elements beyond a reasonable doubt:

7   First, Brass Tacks Munitions in Vancouver, Washington was a licensed firearms

8   dealer;

9   Second, in connection with acquiring a firearm, specifically, a Rock Island

10  Armory model M200 .38 special caliber handgun, from Brass Tacks Munitions, the

11  defendant made a false statement;

12  Third, the defendant knew the statement was false; and

13  Fourth, the false statement was material; that is, the false statement had a natural

14  tendency to influence or was capable of influencing Brass Tacks Munitions into believing

15  that the firearm could be lawfully sold to the defendant.

16

17

18

19

20

21

22

23

24

25  Ninth Circuit Model Criminal Jury Instruction 14.8 – Firearms—False Statement or

26  Identification in Acquisition or Attempted Acquisition

27  *2022 Edition, current as of August 2023* (modified to track indictment)

United States' Proposed Jury Instructions - 40
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 34

INSTRUCTION NO. _____

The defendant is charged in Count 5 of the indictment with making a false statement in connection with the acquisition of a firearm in violation of Section 922(a)(6) of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Cabela's in Lacey, Washington was a licensed firearms dealer;

Second, in connection with acquiring a firearm, specifically, a Sig Sauer model 1911 STX .45 auto caliber handgun, from Cabela's, the defendant made a false statement;

Third, the defendant knew the statement was false; and

Fourth, the false statement was material; that is, the false statement had a natural tendency to influence or was capable of influencing Cabela's into believing that the firearm could be lawfully sold to the defendant.

Ninth Circuit Model Criminal Jury Instruction 14.8 – Firearms—False Statement or Identification in Acquisition or Attempted Acquisition

*2022 Edition, current as of August 2023* (modified to track indictment)

United States' Proposed Jury Instructions - 41
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 35

INSTRUCTION NO. _____

The defendant is charged in Count 6 of the indictment with misrepresenting himself to be a citizen of the United States. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant directly and falsely represented himself to be a citizen of the United States;

Second, the defendant was not a citizen of the United States at that time;

Third, the defendant made such false representation willfully, that is, the misrepresentation was voluntarily and deliberately made; and

Fourth, the false representation was made to someone who had good reason to make inquiry into defendant's citizenship status.

Ninth Circuit Model Criminal Jury Instruction 24.8 – False Impersonation of Citizen of United States (18 U.S.C. § 911)

*2022 Edition, current as of August 2023* (modified to track indictment)

United States' Proposed Jury Instructions - 42
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1    <u>**GOVERNMENT'S PROPOSED INSTRUCTION NO. 36**</u>

2    INSTRUCTION NO. _____

3    The defendant is charged in Count 7 of the indictment with possession of an

4    unregistered firearm in violation of Section 5861(d) of Title 26 of the United States Code.

5    For the defendant to be found guilty of that charge, the government must prove each of

6    the following elements beyond a reasonable doubt:

7    First, the defendant knowingly possessed a firearm silencer, specifically, a

8    cylindrical device bearing no manufacturer markings and no serial number;

9    Second, the defendant was aware that the device was a firearm silencer; and

10   Third, the defendant had not registered the firearm silencer with the National

11   Firearms Registration and Transfer Record.

12   The government need not prove that the defendant knew that possessing the

13   firearm silencer was illegal.

14   The term "firearm silencer" means any device for silencing, muffling, or

15   diminishing the report of a portable firearm, including any combination of parts, designed

16   or redesigned, and intended for use in assembling or fabricating a firearm silencer, and

17   any part intended only for use in such assembly or fabrication.

18

19

20

21

22

23

24   Ninth Circuit Model Criminal Jury Instruction 14.25 – Firearms—Possession of

25   Unregistered Firearm (26 U.S.C. § 5861(d))

26   *2022 Edition, current as of August 2023* (modified to track indictment and to include

27   definition of "firearm silencer" in 18 U.S.C. § 922(a)(25))

United States' Proposed Jury Instructions - 43
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1        **GOVERNMENT'S PROPOSED INSTRUCTION NO. 37**

2                    INSTRUCTION NO. _____

3        A person has possession of something if the person knows of its presence and has

4    physical control of it or knows of its presence and has the power and intention to control

5    it.

26   Ninth Circuit Model Criminal Jury Instruction 6.15 – Possession—Defined

27   *2022 Edition, current as of August 2023*

United States' Proposed Jury Instructions - 44
*United States v. DeBorba,* CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 38**

2

INSTRUCTION NO. ____

3     An act is done knowingly if the defendant is aware of the act and does not act

4 through ignorance, mistake, or accident. The government is not required to prove that the

5 defendant knew that his acts or omissions were unlawful. You may consider evidence of

6 the defendant's words, acts, or omissions, along with all the other evidence, in deciding

7 whether the defendant acted knowingly.

26 Ninth Circuit Model Criminal Jury Instruction 4.8 – Knowingly

27 *2022 Edition, current as of August 2023*

United States' Proposed Jury Instructions - 45
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1     **<u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 39</u>**

2     INSTRUCTION NO. _____

3     You have heard testimony that the defendant made a statement. It is for you to

4 decide (1) whether the defendant made the statement, and (2) if so, how much weight to

5 give to it. In making those decisions, you should consider all the evidence about the

6 statement, including the circumstances under which the defendant may have made it.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25 Ninth Circuit Model Criminal Jury Instruction 3.1 – Statements by Defendant or

26 Codefendants

27 *2022 Edition, revised August 2023*

United States' Proposed Jury Instructions - 46
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1        **GOVERNMENT'S PROPOSED INSTRUCTION NO. 40**

2                 INSTRUCTION NO. _____

3        You have heard evidence that the defendant committed other acts not charged

4 here. You may consider this evidence only for its bearing, if any, on the question of the

5 defendant's intent, opportunity, plan, knowledge, identity, absence of mistake, and

6 absence of accident, and for no other purpose.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25 Ninth Circuit Model Criminal Jury Instruction 3.3 – Other Crimes, Wrongs or Acts of

26 Defendant

27 *2022 Edition, current as of August 2023*

United States' Proposed Jury Instructions - 47
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1

## **<u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 41</u>**

2

INSTRUCTION NO. _____

3      You have heard testimony from [name] who testified about [his] [her] opinions

4  and the reasons for those opinions. This opinion testimony is allowed because of the

5  specialized knowledge, skill, experience, training, or education of this witness.

6      Such opinion testimony should be judged like any other testimony. You may

7  accept it or reject it, and give it as much weight as you think it deserves, considering the

8  witness's knowledge, skill, experience, training, or education, the reasons given for the

9  opinion, and all the other evidence in the case.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  Ninth Circuit Model Criminal Jury Instruction 3.14 – Opinion Evidence, Expert Witness

27  *2022 Edition, current as of August 2023*

United States' Proposed Jury Instructions - 48
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 42**

INSTRUCTION NO. _____

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

Ninth Circuit Model Criminal Jury Instruction 6.19 – Duty to Deliberate

*2022 Edition, current as of August 2023*

United States' Proposed Jury Instructions - 49
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 43

INSTRUCTION NO. \_\_\_\_

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Model Criminal Jury Instruction 6.20 – Consideration of Evidence—Conduct of the Jury

*2022 Edition, current as of August 2023*

United States' Proposed Jury Instructions - 50
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1    <u>**GOVERNMENT'S PROPOSED INSTRUCTION NO. 44**</u>

2    INSTRUCTION NO. _____

3    Some of you have taken notes during the trial. Whether or not you took notes, you

4    should rely on your own memory of what was said. Notes are only to assist your memory.

5    You should not be overly influenced by your notes or those of your fellow jurors.

26    Ninth Circuit Model Criminal Jury Instruction 6.21 – Use of Notes

27    *2022 Edition, current as of August 2023*

United States' Proposed Jury Instructions - 51
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1    **GOVERNMENT'S PROPOSED INSTRUCTION NO. 45**

2    INSTRUCTION NO. _____

3        The punishment provided by law for this crime is for the court to decide. You may

4    not consider punishment in deciding whether the government has proved its case against

5    the defendant beyond a reasonable doubt.

26    Ninth Circuit Model Criminal Jury Instruction 6.22 – Jury Consideration of Punishment

27    *2022 Edition, current as of August 2023*

United States' Proposed Jury Instructions - 52
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1      <u>**GOVERNMENT'S PROPOSED INSTRUCTION NO. 46**</u>

2                           INSTRUCTION NO. ____

3          A verdict form has been prepared for you. On the form, there is a place for you to

4    indicate your unanimous verdict as to each Count charged against the defendant.

5          After you have reached unanimous agreement on a verdict, your foreperson should

6    complete the verdict form according to your deliberations, sign and date it, and advise the

7    clerk that you are ready to return to the courtroom.

26   Ninth Circuit Model Criminal Jury Instruction 6.23 – Verdict Form

27   *2022 Edition, current as of August 2023*

United States' Proposed Jury Instructions - 53
*United States v. DeBorba*, CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 47

2

INSTRUCTION NO. _____

3      If it becomes necessary during your deliberations to communicate with me, you

4   may send a note through the clerk, signed by any one or more of you. No member of the

5   jury should ever attempt to communicate with me except by a signed writing, and I will

6   respond to the jury concerning the case only in writing or here in open court. If you send

7   out a question, I will consult with the lawyers before answering it, which may take some

8   time. You may continue your deliberations while waiting for the answer to any question.

9   Remember that you are not to tell anyone—including me—how the jury stands,

10  numerically or otherwise, on any question submitted to you, including the question of the

11  guilt of the defendant, until after you have reached a unanimous verdict or have been

12  discharged.

13

14

15

16

17

18

19

20

21

22

23

24

25

26  Ninth Circuit Model Criminal Jury Instruction 6.24 – Communication with Court

27  *2022 Edition, current as of August 2023*

United States' Proposed Jury Instructions - 54
*United States v. DeBorba,* CR22-5139-DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800