The Hon. David G. Estudillo

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br><br>JOAO RICARDO DEBORBA,<br><br>Defendant. | CASE NO. CR22-5139-DGE<br><br>**UNITED STATES' PROPOSED FORFEITURE JURY INSTRUCTIONS** |

**UNITED STATES' PROPOSED FORFEITURE JURY INSTRUCTIONS**

**(Cited)**

DATED this 2nd day of January, 2024.

Respectfully submitted,

TESSA M. GORMAN
Acting United States Attorney

 *s/ Karyn S. Johnson*
Karyn S. Johnson
Amanda McDowell
Max B. Shiner
Assistant United States Attorneys
United States Attorney's Office
1201 Pacific Ave., Suite 700
Tacoma, WA 98402
Telephone: (206)-553-7970
E-mail: Karyn.S.Johnson@usdoj.gov

United States' Proposed Forfeiture Jury Instructions - 1
*United States v. DeBorba;* CR22-5139-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PLAINTIFF'S REQUESTED FORFEITURE INSTRUCTION NO. 1

INSTRUCTION NO. \_\_\_\_

Jurors:  Now that you have found that Defendant Joao Ricardo DeBorba committed the offense of *Unlawful Possession of Firearms and Ammunition*, as charged in Count 1 of the Indictment, and *Unlawful Possession of a Firearm Silencer*, as charged in Count 7 of the Indictment, you have one more task to perform before you are discharged. Under federal law, any person who is convicted of *Unlawful Possession of Firearms and Ammunition* shall forfeit, to the United States, any firearms and ammunition that were involved in the offense. Similarly, under federal law, any person who is convicted of *Unlawful Possession of a Firearm Silencer* shall forfeit, to the United States, any firearm silencer that was involved in the offense.

The United States has alleged that a firearm and ammunition were involved in Defendant's commission of *Unlawful Possession of Firearms and Ammunition* and are, therefore, subject to forfeiture. Specifically, the United States has alleged that the Ruger model LCP 9mm handgun and numerous rounds of ammunition, including Aguila .300 ACP blackout and Blazer Brass .380 auto, which were seized from Defendant Joao Ricardo DeBorba's residence on or about May 6, 2022, are subject to forfeiture.

The United States has alleged that the firearm silencer, which was seized from Defendant Joao Ricardo DeBorba's residence on or about May 6, 2022, was involved in Defendant's commission of *Unlawful Possession of a Firearm Silencer* and is, therefore, subject to forfeiture.

You must now determine whether this property is, in fact, forfeitable and return a special verdict reflecting your findings.

United States' Proposed Forfeiture Jury Instructions - 2
*United States v. DeBorba;* CR22-5139-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

_____

18 U.S.C. § 924(d)(1) (forfeiting firearms and ammunition used or involved in certain firearm and ammunition possession offenses, including Unlawful Possession of a Firearm, in violation of 18 U.S.C. § 922(g)).

28 U.S.C. § 2461(c) (authorizing forfeiture as part of criminal sentence upon conviction of an offense for which civil forfeiture of property is authorized).

Fed. R. Crim. P. 32.2(b)(1)(A) (directing the court or jury to determine what property is subject to forfeiture under the applicable statutes).

United States' Proposed Forfeiture Jury Instructions - 3
*United States v. DeBorba;* CR22-5139-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PLAINTIFF'S REQUESTED FORFEITURE INSTRUCTION NO. 2

INSTRUCTION NO. \_\_\_\_

The burden of proof is different at the forfeiture phase of trial. Whereas the United States had the burden of proving the Defendant's guilt "beyond a reasonable doubt," the United States need only prove the identified property is forfeitable "by a preponderance of the evidence." This is a much lower burden.

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not.

You should base your decision on all of the evidence, regardless of which party presented it.

---

Ninth Circuit Model Civil Jury Instruction – 1.6 (2017 Edition, last updated May 2023); *United States v. Garcia-Guizar*, 160 F. 3d 511, 523 (9th Cir. 1998) ("criminal forfeiture need only be proved by a preponderance of the evidence") (citing *United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1576-77 (9th Cir. 1989)); *United States v. Shryock*, 342 F.3d 948, 991 (9th Cir. 2003) (the Supreme Court's holding in *Apprendi* "does not disturb the rule that statutorily-prescribed forfeiture is constitutional when supported by the preponderance of the evidence").

United States' Proposed Forfeiture Jury Instructions - 4
*United States v. DeBorba;* CR22-5139-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PLAINTIFF'S REQUESTED INSTRUCTION NO. 3

INSTRUCTION NO. _____

While deliberating on forfeiture, you may consider any evidence, including testimony, offered by the parties at any time during the trial.

---

Fed. R. Crim. P. 32.2(b)(1)(B) (forfeiture determination "may be based on evidence already in the record . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable."); *United States v. Newman*, 659 F.3d 1235, 1244-45 (9th Cir. 2011) (recognizing Rule 32.2(b)(1)(B) allows the court, when making a forfeiture determination, to rely on evidence already in the record, including any admissions in written plea agreement), *abrogated on other grounds by Honeycutt v. United States*, 137 S. Ct. 1626, 1632 (2017); *United States v. Bornfield*, 145 F.3d 1123, 1134-36 (10th Cir. 1998) (implicitly approving instruction to the jury that it could "consider any evidence offered by the parties before [its] previous deliberations" on the criminal charges when deciding forfeiture).

United States' Proposed Forfeiture Jury Instructions - 5
*United States v. DeBorba;* CR22-5139-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PLAINTIFF'S REQUESTED INSTRUCTION NO. 4

INSTRUCTION NO. \_\_\_\_

When considering the evidence for forfeiture, the instructions you previously received regarding what is evidence, direct and circumstantial evidence, the credibility of witnesses, and reaching a unanimous verdict continue to apply.

---

Ninth Circuit Model Criminal Jury Instructions - 1.3, 1.4, 1.5, 1.7, 3.7 & 6.19 (2022 Edition, last updated May 2023).

United States' Proposed Forfeiture Jury Instructions - 6
*United States v. DeBorba;* CR22-5139-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PLAINTIFF'S REQUESTED INSTRUCTION NO. 5

INSTRUCTION NO. \_\_\_\_

You have found that Defendant Joao Ricardo DeBorba committed the offense of *Unlawful Possession of Firearms and Ammunition*, as charged in Count 1 of the Indictment. When deliberating on forfeiture, you are bound by this previous finding and must not reconsider or revise it.

You have found that Defendant Joao Ricardo DeBorba committed the offense of *Unlawful Possession of Firearm Silencer*, as charged in Count 7 of the Indictment. When deliberating on forfeiture, you are bound by this previous finding and must not reconsider or revise it.

---

*United States v. Bornfield*, 145 F.3d 1123, 1138 n.12 (10th Cir. 1998) (because forfeiture is imposed following conviction, as part of the sentence, it "does not affect … [a Defendant's] substantive conviction"); *United States v. Cauble,* 706 F.2d 1322, 1348 (5th Cir. 1983) (bifurcating forfeiture in a second phase of a trial "prevents the potential penalty of forfeiture from influencing the jurors' deliberations about guilt or innocence").

United States' Proposed Forfeiture Jury Instructions - 7
United States v. DeBorba; CR22-5139-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PLAINTIFF'S REQUESTED INSTRUCTION NO. 6

INSTRUCTION NO. \_\_\_\_

When deliberating on forfeiture, you should not consider what might happen to this firearm, ammunition, and firearm silencer if forfeited. The ultimate disposition of forfeited property is a matter for the Court to decide.

Nor should you consider, when deliberating, whether anyone other than the Defendant Joao Ricardo DeBorba may have an interest in this firearm, ammunition, and silencer. Any third-party interests will be addressed by the Court in a separate proceeding.

---

Fed. R. Crim. P. 32.2(c) (the court enters a final order of forfeiture after any third-party claims are adjudicated in post-sentencing ancillary proceedings).

United States' Proposed Forfeiture Jury Instructions - 8
*United States v. DeBorba;* CR22-5139-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PLAINTIFF'S REQUESTED INSTRUCTION NO. 7

INSTRUCTION NO. \_\_\_\_

You have found the Defendant Joao Ricardo DeBorba committed the offense of *Unlawful Possession of Firearms and Ammunition*, as charged in Count 1 of Indictment.

Pursuant to Section 924(d)(1) of Title 18 of the United States Code, and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the offense of *Unlawful Possession of Firearms and Ammunition* are subject to forfeiture to the United States.

A firearm and ammunition are forfeitable as "involved in" a crime where they served as the foundation of the defendant's criminality and conviction of that offense.

To reach a verdict on forfeiture with respect to Count 1, you must determine whether the Ruger model LCP 9mm handgun and the rounds of ammunition, including Aguila .300 AAC blackout and Blazer Brass .380 auto, were "involved in" Defendant Joao Ricardo DeBorba's commission of the offense of *Unlawful Possession of Firearms and Ammunition*, as charged in Count 1.

_____

18 U.S.C. § 924(d)(1) (forfeiting firearms and ammunition used or involved in certain firearm and ammunition offenses).

28 U.S.C. § 2461(c) (authorizing forfeiture as part of criminal sentence upon conviction of an offense for which civil forfeiture of property is authorized).

"[T]he seized firearms . . . were 'involved in' the offense to which [the defendant] pled guilty because the firearms served as the foundation of his criminality and conviction. Indeed, without the firearms, there would have been no crime. Accordingly, the firearms were related closely to and were a necessary accompaniment to the crime charged . . . ." *United States v. Cheeseman*, 600 F.3d 270, 278 (3d Cir. 2010) (brackets and ellipses added); *see also United States v. Soto*, 915 F.3d 675, 678-79 (discussing *Cheeseman*).

United States' Proposed Forfeiture Jury Instructions - 9
*United States v. DeBorba*; CR22-5139-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PLAINTIFF'S REQUESTED INSTRUCTION NO. 8

INSTRUCTION NO. \_\_\_\_

You have found the Defendant Joao Ricardo DeBorba committed the offense of *Unlawful Possession of a Firearm Silencer*, as charged in Count 7 of Indictment.

Pursuant to Section 5872 of Title 26 of the United States Code, and Title 28, United States Code, Section 2461(c), any firearm silencer involved in the offense of *Unlawful Possession of a Firearm Silencer* is subject to forfeiture to the United States.

A firearm silencer is forfeitable as "involved in" a crime where is served as the foundation of the defendant's criminality and conviction of that offense.

To reach a verdict on forfeiture with respect to Count 7, you must determine whether firearm silencer was "involved in" Defendant Joao Ricardo DeBorba's commission of the offense of *Unlawful Possession of a Firearm Silencer*, as charged in Count 7.

_____

26 U.S.C. § 5872 (providing for forfeiture of firearm silencers).

28 U.S.C. § 2461(c) (authorizing forfeiture as part of criminal sentence upon conviction of an offense for which civil forfeiture of property is authorized).

"[T]he seized firearms . . . were 'involved in' the offense to which [the defendant] pled guilty because the firearms served as the foundation of his criminality and conviction. Indeed, without the firearms, there would have been no crime. Accordingly, the firearms were related closely to and were a necessary accompaniment to the crime charged . . . ." *United States v. Cheeseman*, 600 F.3d 270, 278 (3d Cir. 2010) (brackets and ellipses added); *see also United States v. Soto*, 915 F.3d 675, 678-79 (discussing *Cheeseman*).

United States' Proposed Forfeiture Jury Instructions - 10
*United States v. DeBorba*; CR22-5139-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PLAINTIFF'S REQUESTED INSTRUCTION NO. 9

INSTRUCTION NO. \_\_\_\_

A Special Verdict Form for Forfeiture has been prepared for you to record your forfeiture verdict. You may record your verdict by putting an "X" or check mark in the space provided under the words "YES" or "NO." The foreperson must then sign and date the form.

---

Fed. R. Crim. P. 32.2(b)(5)(B) (when the jury determines forfeiture, the government must submit a Special Verdict Form for that purpose).

United States' Proposed Forfeiture Jury Instructions - 11
United States v. DeBorba; CR22-5139-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970