The Hon. David G. Estudillo

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOAO RICARDO DEBORBA,<br><br>Defendant. | NO. CR22-5139-DGE<br><br>**MOTION FOR PRELIMINARY ORDER OF FORFEITURE**<br><br>NOTE ON MOTION CALENDAR:<br>May 13, 2024 |

The United States, by and through its undersigned counsel, moves pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2(b) for a Preliminary Order of Forfeiture forfeiting, to the United States, Defendant Joao Ricardo DeBorba's interest in the following property (the "Subject Property"):

a. a Ruger model LCP 9mm caliber handgun (the "Ruger Handgun");

b. numerous rounds of ammunition, including Aguila .300 AAC blackout and Blazer Brass .380 auto (the "Ammunition"); and

c. a firearms silencer (the "Silencer").

This motion is based on the following procedural facts, which are reflected in the pleadings filed in this matter and the stipulated facts presented at Defendant's bench trial.

Motion for Preliminary Order of Forfeiture - 1
*United States v. DeBorba;* CR22-5139-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# I. BACKGROUND

## A. The Charges

Defendant was charged by Indictment with *Unlawful Possession of Firearms and Ammunition,* in violation of 18 U.S.C. §§ 922(g)(5) and (8), based upon his possession on or about May 6, 2022, of a Ruger model LCP 9mm caliber handgun (the Ruger Handgun) and numerous rounds of ammunition, including Aguila .300 AAC blackout and Blazer Brass .380 auto (the Ammunition) (Count 1). Dkt. No. 9. Defendant was also charged with *Unlawful Possession of Firearms and Ammunition*, in violation of 18 U.S.C. §§ 922(g)(5) and (8) (Count 2); *Unlawful Possession of a Firearm*, in violation of 18 U.S.C. § 922(g)(5) (Count 3); *False Statement During Purchase of Firearm*, in violation of 18 U.S.C. § 922(a)(6) (Counts 4 and 5); and *False Claim to United States Citizenship*, in violation of 18 U.S.C. § 911 (Count 6). *Id.* The Indictment also contained an asset forfeiture allegation providing notice of the United States' intent to pursue forfeiture of the Ruger Handgun and the Ammunition, pursuant to 18 U.S.C. § 924(d)(1), by way of 28 U.S.C. § 2461(c), as they were "involved in" Defendant's commission of *Unlawful Possession of Firearms and Ammunition* (Count 1). *Id.*

The grand jury subsequently returned a Superseding Indictment adding Count 7, which charged Defendant with *Unlawful Possession of a Firearm Silencer*, in violation of 26 U.S.C. §§ 5861(d) and 5845(a)(7), based upon Defendant's possession on May 6, 2022, of the Silencer. Dkt. No. 40. The United States gave notice in the updated asset forfeiture allegation of its intent to pursue forfeiture of the Silencer, pursuant to 26 U.S.C. § 5872, by way of 28 U.S.C. § 2461(c), as it was "involved in" Defendant's commission of Count 7. *Id.*

## B. The Trial

Prior to trial, the United States filed its Proposed Jury Instructions. Dkt. No. 67. As set forth in Government's Proposed Instruction No. 29, the elements of Count 1 were: (1) Defendant knowingly possessed the firearm or ammunition described in Count 1 (*i.e.,* the

Motion for Preliminary Order of Forfeiture - 2
*United States v. DeBorba;* CR22-5139-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Ruger Handgun and the Ammunition); (2) the firearm or ammunition that Defendant possessed had been shipped or transported from one state to another, or between a foreign nation and the United States, or otherwise affected interstate commerce; and (3) at the time Defendant possessed the firearm or ammunition, Defendant was, and knew he was, (i) an alien illegally and unlawfully in the United States or admitted to the United States under a nonimmigrant visa, or (ii) subject to a court order meeting the requirements of 18 U.S.C. § 922(g)(8)(A)-(C). Dkt. No. 67, at p. 29 (citing 18 U.S.C. § 922(g) and Ninth Circuit Model Criminal Jury Instruction 14.15). As set forth in Government's Proposed Instruction No. 36, the elements of Count 7 were: (1) Defendant knowingly possessed a firearm silencer, specifically, a cylindrical device bearing no manufacturer markings and no serial number (*i.e.*, the Silencer); (2) Defendant was aware that the device was a firearm silencer; and (3) Defendant had not registered the firearm silencer with the National Firearms Registration and Transfer Record. Dkt. No. 67 at p. 47 (citing 26 U.S.C. § 5861(d) and Ninth Circuit Model Criminal Jury Instruction 14.25).

On February 1, 2024, Defendant signed a written Acknowledgment and Waiver of Jury Trial Rights (the "Waiver"). Dkt. No. 76. With respect to forfeiture, Defendant knowingly and voluntarily waived his right to have a jury determination as to forfeiture. *Id.* at p. 4. Defendant also agreed that if he was convicted, the Court would determine what property was subject to forfeiture. *Id*.

On February 1, 2024, the United States and Defendant filed the parties' joint Stipulated Facts (the "Stipulated Facts"). *See* Dkt. No. 77. Among the facts agreed to by the parties were the following:

- On May 6, 2022, law enforcement executed a federal search warrant at Defendant's apartment. *Id.* ¶ 23. Defendant was present at his apartment at that time. *Id.*

- During the search of Defendant's apartment, investigators seized the Ruger Handgun and the Ammunition, as well as two AR-15 type rifles bearing no serial number and two Polymer80 Glock-type handguns bearing no serial number. *Id.*

Motion for Preliminary Order of Forfeiture - 3
*United States v. DeBorba;* CR22-5139-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- During the search of Defendant's bedroom, officers found a workbench and a large amount of ammunition, firearms parts, tools, AR-15 assembly instructions, a Polymer80 pistol drilling jig, high-capacity magazines, including what appeared to be a 50-round drum magazine for a Glock-type firearm, and other firearms accessories including gun and rifle cases. *Id.* ¶ 24. Law enforcement located the Silencer inside the workbench. *Id.* ¶ 25.

- The Ruger Handgun and the Ammunition had been shipped or transported in interstate or foreign commerce, or otherwise affected interstate commerce, and were a "firearm" and "ammunition," as those terms are defined by federal statute. *Id.* ¶ 28.

- The Silencer was a "firearm" as defined in 18 U.S.C. § 921(a)(25) and was, therefore, a "firearm" as defined in 26 U.S.C. § 5845(a)(7). Defendant did not register or lawfully acquire the Silencer under the National Firearms Act. *Id.* ¶¶ 25, 27.

- On May 6, 2022, Defendant voluntarily agreed to speak to law enforcement after being advised of his Miranda rights and confirming that he understood his rights. Defendant stated he knew he was not supposed to have firearms due to his immigration status and his prior domestic violence convictions. Defendant admitted he was a citizen of Brazil, that he came to the United States in 1999 on a B-2 tourist visa, and that he never sought or obtained authorization to remain in the United States. Defendant reviewed pictures of the firearms seized from his residence during the execution of the federal search warrant. Defendant admitted that the firearms in the pictures were his. *Id.* ¶ 30.

On February 5, 2024, the Court conducted a bench trial. Dkt. No. 78. The Court adopted the Stipulated Facts and found Defendant guilty of all counts. *Id.*

## II.     ARGUMENT

Here, Defendant agreed to have the Court determine the forfeitability of the Subject Property if convicted. Dkt. No. 76 at p. 4. Based upon the undisputed facts, as well as the Court's guilty verdicts, the Court should find that the Ruger Handgun and the Ammunition were "involved in" Defendant's commission of Count 1, and the Silencer was "involved in" Defendant's commission of Count 7, and forfeit Defendant's interest in the Subject Property.

Motion for Preliminary Order of Forfeiture - 4
*United States v. DeBorba;* CR22-5139-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### A.     Legal Standard for Forfeiture

Criminal forfeiture is a form of punishment that is imposed as part of a criminal sentence. *Libretti v. United States*, 516 U.S. 29, 39–40 (1995). For the government to criminally forfeit property, there must be a predicate criminal conviction, a statute authorizing forfeiture for the crime of conviction, and evidence to support the statutorily required nexus between the property and the crime of conviction. *See e.g., United States v. Garcia-Guizar*, 160 F.3d 511, 518–20 (9th Cir. 1998) (reviewing requirements to establish criminal forfeiture of property). With respect to the required nexus, the government must establish the forfeitability of the relevant property by a preponderance of the evidence. *Id.* at 517–18 ("[T]he government need prove by only preponderance of the evidence, and not beyond a reasonable doubt, that property should be criminally forfeited.") (citing *United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1576-77 (9th Cir. 1989)). In other words, depending on the relevant forfeiture statute, the government must present evidence that establishes the relevant property is "more likely than not" forfeitable. *See Garcia-Guizar*, 160 F.3d at 522 n.9. This lower standard of proof "is constitutional because the criminal forfeiture provision does not itself describe a separate offense but is merely an 'additional penalty' for an offense that must be proved beyond a reasonable doubt." *See id.* at 518 (citing *Hernandez-Escarsega*, 886 F.2d at 1577).

Here, there is statutory authority to forfeit the Ruger Handgun and the Ammunition as property "involved in" Defendant's commission of *Unlawful Possession of Firearms and Ammunition* (Count 1). Pursuant to 18 U.S.C. § 924(d)(1), any firearms and ammunition involved or used in certain firearms offenses, including *Unlawful Possession of Firearms and Ammunition*, are subject to civil and administrative forfeiture. Title 28, United States Code, Section 2461(c) extends the applicability of § 924(d)(1) to criminal forfeiture.

Motion for Preliminary Order of Forfeiture - 5
*United States v. DeBorba;* CR22-5139-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

There is also statutory authority to forfeit the Silencer as "involved in" Defendant's commission of *Unlawful Possession of Firearms Silencer* (Count 7). Pursuant to 26 U.S.C. § 5872, any firearms silencers involved in the commission of such offense are subject to civil and administrative forfeiture. Title 28, United States Code, Section 2461(c) similarly extends the applicability of this statute to criminal forfeiture.

### B.  Forfeiture Process

Following the bench trial, the Court found Defendant guilty of all counts. After a guilty verdict, or after a guilty plea is accepted, on any count in an indictment regarding which criminal forfeiture is sought, the Court "must determine what property is subject to forfeiture under the applicable statute." *See* Fed. R. Crim. P. 32.2(b)(1)(A). "If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense." *Id.* "The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." *See* Fed. R. Crim. P. 32.2(b)(1)(B).

### C.  The Defendant's Interest in the Subject Property Is Forfeitable.

In the instant case, the parties jointly filed the Stipulated Facts. Dkt. No. 77. The undisputed facts set forth therein are "relevant and reliable," and the Court is entitled to rely upon them in finding that the Ruger Handgun and the Ammunition were "involved in" Defendant's commission of Count 1, and that the Silencer was "involved in" Defendant's commission of Count 7.

Additionally, by convicting Defendant of Count 1, this Court has already found that Defendant knowingly possessed the Ruger Handgun and the Ammunition. Accordingly, the Ruger Handgun and the Ammunition were necessarily "involved in" Defendant's commission of *Unlawful Possession of a Firearm*. *Cf. United States v.*

Motion for Preliminary Order of Forfeiture - 6
*United States v. DeBorba;* CR22-5139-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*Boston*, 2011 WL 4101109, at *1 (E.D.N.Y. Aug. 16, 2011) ("[I]f the jury finds the defendant guilty [of being a felon-in-possession of a firearm] as charged, then the jury, by necessity, must have found that the defendant knowingly and intentionally possessed a firearm, which is an element of the crime charged.")

Similarly, by convicting Defendant of Count 7, this Court has already found that Defendant knowingly possessed the Silencer. Accordingly, the Silencer was necessarily "involved in" Count 7.

### III.  CONCLUSION

For the reasons set forth herein, the Court should forfeit Defendant's interest in the Subject Property. A proposed Preliminary Order of Forfeiture is submitted herewith.

Dated this 1st day of May, 2024.

Respectfully submitted,

TESSA M. GORMAN
United States Attorney

  *s/Karyn S. Johnson*
KARYN S. JOHNSON
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA  98101
Phone: 206-553-2462
Fax: 206-553-6934
Karyn.S.Johnson@usdoj.gov

Motion for Preliminary Order of Forfeiture - 7
*United States v. DeBorba;* CR22-5139-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2024, I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system, which automatically serves the parties of record.

    *s/ Donna R. Taylor*
DONNA R. TAYLOR
FSA Paralegal III, Contractor
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-4132
Fax: (206) 553-6934
Donna.R.Taylor@usdoj.gov

Motion for Preliminary Order of Forfeiture - 8
*United States v. DeBorba;* CR22-5139-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970