The Hon. David G. Estudillo

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOAO RICARDO DEBORBA,<br><br>Defendant. | NO. CR22-5139-DGE<br><br>[PROPOSED]<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

THIS MATTER comes before the Court on the United States' Motion for a Preliminary Order of Forfeiture (the "Motion") seeking to forfeit, to the United States, Defendant Joao Ricardo DeBorba's interest in the following property (the "Subject Property"):

    a.    a Ruger model LCP 9mm caliber handgun (the "Ruger Handgun");

    b.    numerous rounds of ammunition, including Aguila .300 AAC blackout and Blazer Brass .380 auto (the "Ammunition"); and

    c.    a firearms silencer (the "Silencer").

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, and the evidence presented at the bench trial, hereby FINDS that a Preliminary Order of Forfeiture is appropriate because:

Preliminary Order of Forfeiture - 1
*United States v. DeBorba;* CR22-5139-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- Defendant waived his right to have a jury trial and his right to have forfeiture decided by the jury, *see* Dkt. No. 76 at p. 4;
- The parties jointly submitted Stipulated Facts for the Court's consideration at the bench trial, *see* Dkt. No. 77, ¶ 30;
- Having considered the Stipulated Facts, the Court found Defendant guilty of all charges in the Superseding Indictment, *see* Dkt. No. 78;
- In finding Defendant guilty of *Unlawful Possession of Firearms and Ammunition* (Count 1 of the Superseding Indictment), the Court found, *inter alia*, that Defendant knowingly possessed the Ruger Handgun and the Ammunition;
- Accordingly, the Ruger Handgun and the Ammunition are forfeitable pursuant to 18 U.S.C. § 924(d)(1), by way of 28 U.S.C. § 2461(c), as they were involved in Defendant's commission of *Unlawful Possession of a Firearm*, in violation of 18 U.S.C. § 922(g)(5) and (8) (Count 1);
- In finding Defendant guilty of *Unlawful Possession of a Firearm Silencer* (Count 7 of the Superseding Indictment), the Court found, *inter alia*, that Defendant knowingly possessed the Silencer; and
- Accordingly, the Silencer is forfeitable pursuant to 26 U.S.C. § 5872, by way of 28 U.S.C. § 2461(c), as it was involved in Defendant's commission of *Unlawful Possession of a Firearm Silencer* (Count 7).

NOW, THEREFORE, THE COURT ORDERS:

1) Pursuant to 18 U.S.C. § 924(d)(1), by way of 28 U.S.C. § 2461(c), the Stipulated Facts, and the Court's finding that Defendant is guilty of *Unlawful Possession of Firearms and Ammunition)* (Count 1), Defendant's interest in the Ruger Handgun and the Ammunition is fully and finally forfeited, in its entirety, to the United States;

Preliminary Order of Forfeiture - 2
*United States v. DeBorba;* CR22-5139-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2) Pursuant to 26 U.S.C. § 5872, by way of 28 U.S.C. § 2461(c), the Stipulated Facts, and the Court's finding that Defendant is guilty of *Unlawful Possession of a Firearm Silencer* (Count 7), Defendant's interest in the Silencer is fully and finally forfeited, in its entirety, to the United States;

3) Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)-(B), this Preliminary Order will be final as to Defendant at the time he is sentenced, it will be made part of the sentence, and it will be included in the judgment;

4) The Department of Justice and/or its authorized agents or representatives shall maintain the Subject Property in its custody and control until further order of this Court;

5) Pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of the Subject Property as permitted by governing law. The notice shall be posted on an official government website – currently www.forfeiture.gov – for at least thirty (30) days. For any person known to have alleged an interest in the property, the United States shall, to the extent possible, provide direct written notice to that person. The notice shall state that any person, other than the Defendant, who has or claims a legal interest in the property must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

    a. shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property;

    b. shall be signed by the petitioner under penalty of perjury; and,

///

Preliminary Order of Forfeiture - 3
*United States v. DeBorba*; CR22-5139-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

|   |   |   |
|---|---|---|
| 1 | | c. shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, as well as any facts supporting the petitioner's claim and the specific relief sought. |
| 4 | 6) | If no third-party petition is filed within the allowable time period, the United States shall have clear title to the Subject Property, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2); |
| 7 | 7) | If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and, |
| 13 | 8) | The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Fed. R. Crim. P. 32.2(e). |

IT IS SO ORDERED.

DATED this _____ day of _____, 2024.

_____
THE HON. DAVID G. ESTUDILLO
UNITED STATED DISTRICT JUDGE

Preliminary Order of Forfeiture - 4
*United States v. DeBorba;* CR22-5139-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Presented by:

  *s/ Karyn S. Johnson*
KARYN S. JOHNSON
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA  98101
Phone: 206-553-2462
Fax: 206-553-6934
Karyn.S.Johnson@usdoj.gov

Preliminary Order of Forfeiture - 5
*United States v. DeBorba;* CR22-5139-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970