```
                    UNITED STATES DISTRICT COURT

                WESTERN DISTRICT OF WASHINGTON AT TACOMA
_____
                                     )
    UNITED STATES OF AMERICA,        ) 3:22-cr-05139-DGE
                                     )
                  Plaintiff,         ) Tacoma, Washington
                                     )
    v.                               ) February 5, 2024
                                     )
    JOAO RICARDO DeBORBA,            ) Stipulated Bench
                                     ) Trial
                  Defendant.         )
                                     ) 9:00 a.m.
_____

              VERBATIM REPORT OF PROCEEDINGS
         BEFORE THE HONORABLE DAVID G. ESTUDILLO
                UNITED STATES DISTRICT JUDGE
_____


APPEARANCES:



 For the Plaintiff:       MAX B. SHINER
                          AMANDA M. McDOWELL
                          United State's Attorney's Office
                          700 Stewart Street
                          Suite 5220
                          Seattle, Washington


 For the Defendant:       REBECCA C. FISH
                          Federal Public Defender's Office
                          1331 Broadway
                          Suite 400
                          Tacoma, Washington
```

Proceedings stenographically reported and transcribed with computer-aided technology

```
 1                                           MORNING SESSION
 2                                           FEBRUARY 5, 2024
 3          THE CLERK:  This is the matter of the United States
 4   of America versus Joao DeBorba, CR-22-5139-DGE.
 5      Counsel for the government, please make an appearance.
 6          MR. SHINER:  Max Shiner and Amanda McDowell for the
 7   United States.
 8          THE CLERK:  For the defense.
 9          MS. FISH:  Good morning, Your Honor.  Rebecca Fish on
10   behalf of Mr. DeBorba, seated to my left.
11          THE COURT:  Good morning to all of you.
12      I think we are going to proceed today with a stipulated
13   bench trial.  Before we do that, let me go ahead and go over
14   the waiver, the jury trial rights.
15      Mr. DeBorba, good morning to you.
16          THE DEFENDANT:  Good morning, Your Honor.
17          THE COURT:  So you know, Mr. DeBorba, I have this
18   bench book that identifies what questions I should be asking
19   you.  Some of these might seem a little weird.  I am going to
20   ask you some basic questions just to make sure you fully
21   understand that you are waiving a right to a jury trial.  If
22   at any time you have a question about any of the questions I
23   ask, feel free to ask me or even ask your attorney and say,
24   hey, let me ask my attorney before I answer, and we can go
25   ahead and take a moment for you to talk to your attorney.
```

```
 1        First, I understand you desire to waive your right to a
 2   jury trial; is that correct?
 3           THE DEFENDANT:  Yes.
 4           THE COURT:  Before accepting the waiver, there are a
 5   number of questions I will ask you to ensure that it is a
 6   valid waiver.  If you do not understand any of the questions
 7   at any time or wish to interrupt the proceedings to consult
 8   further with the attorney, please say so and, again, we can
 9   take time if need be.
10        First, what is your full name?
11           THE DEFENDANT:  Joao Ricardo DeBorba.
12           THE COURT:  How old are you?
13           THE DEFENDANT:  48.
14           THE COURT:  How far did you go in school?
15           THE DEFENDANT:  Completed some college.
16           THE COURT:  Are you able to speak and understand
17   English fully?
18           THE DEFENDANT:  Yes, I do.
19           THE COURT:  What is your kind of employment
20   background as far as what kind of work did you do?
21           THE DEFENDANT:  Worked in machine shops since I was
22   16 years old.
23           THE COURT:  Have you taken any drugs or medicine or
24   any type of other pills or had any alcohol by chance in the
25   past 24 hours?
```

1  THE DEFENDANT: I took my pills that I have at the
2  facility.
3  THE COURT: Any of those have an affect on your
4  ability to think clearly?
5  THE DEFENDANT: No.
6  THE COURT: Sir, do you understand that you are
7  entitled to a trial by jury on all of the charges filed
8  against you?
9  THE DEFENDANT: Yes.
10  THE COURT: Do you understand that means that if you
11  wanted to go to a trial with a jury, you would be tried by a
12  jury consisting of 12 people, and that all of the jurors
13  would have to agree on the verdict?
14  THE DEFENDANT: Yes.
15  THE COURT: Do you understand also that you would
16  have a right to participate in the selection of the jury?
17  THE DEFENDANT: Yes.
18  THE COURT: Do you understand that if I approve your
19  waiver of jury trial, the Court will try -- meaning me --
20  will try the case and determine your innocence or guilt?
21  THE DEFENDANT: Yes.
22  THE COURT: This is a unique situation because the
23  attorneys, as you probably have already been informed, have
24  actually stipulated to the facts. I am going to hear
25  argument at some point today. Basically, I am going to go

|    |                                                                          |
|----|--------------------------------------------------------------------------|
| 1  | off the stipulated facts to make a decision on whether or not            |
| 2  | you are guilty or not guilty of the charges that are filed               |
| 3  | against you; do you understand that?                                     |
| 4  |     THE DEFENDANT:  Yes, I do.                       |
| 5  |     THE COURT:  Have you discussed with your attorney |
| 6  | your right to a jury trial?                                              |
| 7  |     THE DEFENDANT:  Yes.                             |
| 8  |     THE COURT:  Have you discussed with your attorney the |
| 9  | advantages and disadvantages of a jury trial?                            |
| 10 |     THE DEFENDANT:  Yes.                             |
| 11 |     THE COURT:  Do you want to discuss with your attorney |
| 12 | any further about the advantages, disadvantages, or even                 |
| 13 | about the process of the stipulated facts?                               |
| 14 |     THE DEFENDANT:  No.                              |
| 15 |     THE COURT:  Ms. Fish, for the record, have you   |
| 16 | discussed with Mr. DeBorba his rights to a jury trial,                   |
| 17 | advantages and disadvantages?                                            |
| 18 |     MS. FISH:  Yes, I have, Your Honor.              |
| 19 |     THE COURT:  Do you have any doubts as to your client |
| 20 | making a knowing and voluntary waiver of his right to a jury             |
| 21 | trial?                                                                   |
| 22 |     MS. FISH:  No, Your Honor.                       |
| 23 |     THE COURT:  Anything that you're aware of that may |
| 24 | suggest that maybe Mr. DeBorba doesn't have the capacity for             |
| 25 | some reason to actually waive a jury trial?                              |

1      MS. FISH:  No, Your Honor.

2      THE COURT:  Likewise, Mr. Shiner, anything you might
3 be aware of that maybe indicates Mr. DeBorba might not have
4 the capacity to waive his right to a jury trial?

5      MR. SHINER:  No, Your Honor.

6      THE COURT:  There is a written waiver that is on
7 file.  Mr. DeBorba, this waiver is two pages.  It does appear
8 it has your signature on it.  I am sure you have seen it
9 before.  It is dated February 1, 2024.  Did you review that
10 document with your attorney?

11      THE DEFENDANT:  Yes, I did, Your Honor.

12      THE COURT:  Is that your signature that is on that
13 document?

14      THE DEFENDANT:  Yes, sir.

15      THE COURT:  At this time, do you still want to
16 proceed with a stipulated facts trial, meaning there would be
17 no jury trial?

18      THE DEFENDANT:  Yes, Your Honor.

19      THE COURT:  All right.  I will find then that the
20 defendant has knowingly, voluntarily -- knowingly and
21 voluntarily waived his right to a jury trial.  The written
22 waiver is here filed with the court.  I will approve and
23 accept the waiver.  I think that is all I have to say about
24 waivers.

25   Do you have any questions, Mr. DeBorba?

1 THE DEFENDANT: No, Your Honor.

2 THE COURT: I understand the parties have filed the
3 stipulated facts. It was handed to me at the last hearing.
4 Mr. Shiner and/or Ms. Fish, what is kind of the course of
5 action at this point this morning?

6 MR. SHINER: We will commence the trial. For our
7 part, the government does join in the jury trial -- waiving
8 its right to a jury trial. I believe we have opening
9 statements that will be waived by the government and by
10 defense. We would formally move into evidence the stipulated
11 facts you reviewed and the attached exhibits and proceed
12 directly to any argument you wish to hear.

13 We are prepared for our part to provide a short argument
14 that consists of a roadmap to the stipulation and the
15 elements. We can take any questions you might have about the
16 facts.

17 THE COURT: All right. Thank you.

18 Ms. Fish, any different understanding?

19 MS. FISH: I will be making a Rule 29 motion. That
20 will be very simple for the Court.

21 THE COURT: I don't know if I need to say any magic
22 words that the trial has officially begun. Normally in a
23 jury trial, so you are aware, Mr. DeBorba, we swear in the
24 jury and that marks the beginning -- the beginning of the
25 trial. I don't know if there are any magic words I say at

1    this point, other than we are going to begin trial at this
2    point.
3            MR. SHINER:  Thank you, Your Honor.  Waiving
4    argument, I would formally ask you to admit the stipulation
5    and exhibits.
6            MS. FISH:  No objection, Your Honor.
7            THE COURT:  The stipulated facts and exhibits, which
8    I believe comprise -- not approximately, but there are 17
9    exhibits that were filed on Friday the -- Thursday.  Let me
10   make sure what docket number it is.  Docket No. 77, filed
11   February 1, 2024.  Stipulated facts and the exhibits will be
12   admitted and are admitted at this point.
13       With that, Mr. Shiner, you say you have a presentation?
14           MR. SHINER:  Yes.  We formally rest our case and will
15   proceed to argument if the Court so desires.  Ms. McDowell
16   will handle that.
17           THE COURT:  Perfect.  Thank you.
18           MS. MCDOWELL:  Good morning, Your Honor.  As my
19   colleague previewed, we thought what would be most helpful
20   for the Court is a brief roadmap demonstrating the government
21   has met its burden of proof as to each of the charges.  I am
22   going to walk through each charge and explain why the
23   evidence before Your Honor satisfies the elements.
24           THE COURT:  Briefly, have these slides been filed as
25   well or will they be filed?

1       MS. MCDOWELL:  We are happy to file that and provide
2  a copy to defense.
3       THE COURT:  If you would, please, afterward.
4       MS. MCDOWELL:  Starting with Count 1, unlawful
5  possession of firearms and ammunition charge stemming from
6  the May 6, 2022 search warrant executed at Mr. DeBorba's
7  apartment.  The government has demonstrated that Mr. DeBorba
8  knowingly possessed the charged firearm and ammo, which is
9  the Ruger handgun and the Aguila and Blazer ammo.  Exhibit 12
10 you will see pictures of the Ruger and the ammo.
11    Mr. DeBorba agreed to speak with Special Agent Grant
12 Taylor during the execution of the warrant.  He reviewed
13 pictures of the evidence seized and admitted that the
14 firearms in the picture were his.  That report is Exhibit 17.
15    As for interstate nexus for all the charged firearms and
16 ammo in this case, ATF Special Agent Claudia Grigore
17 determined an interstate nexus.  Mr. DeBorba so stipulates.
18    For purposes of the (g)(5) charge, Mr. DeBorba knew he was
19 a non-citizen illegally and unlawfully in the United States.
20 You will see in paragraph 6 he stipulates that he was aware
21 at all times relevant to this case that he did not have legal
22 status in the United States.  We know from the stipulation he
23 arrived in 1999 from Brazil on a visitor's visa that expired,
24 and he never pursued legal status following that.
25    For purposes of the (g)(8) charge for Count 1, the two

relevant no contact orders for purposes of Count 1 is the October 14, 2020 no contact order and the January 31, 2022 no contact order.  Those are Exhibits 9 and 11.  They were both not expired at the time of the unlawful possession.

If you walk through the orders, you will see they satisfy the elements.  Mr. DeBorba signed in open court and stipulated that he had actual notice.  The protected party is A.D., which he stipulates is an intimate partner.  That's his ex-wife and mother of his children.  They restrict him from causing physical harm, harassing, threatening, among other things, and also restrict his possession of firearms.

Moving to Count 2, which is the unlawful possession charge from November 16th, 2019, the government has shown Mr. DeBorba knowingly possessed the charged firearms and ammo.  That is a longer list in Count 2.  I won't put it up on the screen here.  This stems from a call from A.D. that the Vancouver Police Department responded to and visited Mr. DeBorba at his residence.  Mr. DeBorba consented to the search of his apartment.

During that search, he stated that he did possess firearms and confirmed they were located in his apartment, and the charged firearms and ammo were located.  Exhibit 7 is that report.

We have been through interstate nexus, which is stipulated to, and the citizenship status of Mr. DeBorba.  I won't

repeat myself.

For purpose of the (g)(8) charge for Count 2, the relevant no contact order is November 14th, 2019, which expires in November of this year. Same comments there. You walk through, you see they restrict his possession of firearms. They restrict certain conduct related to A.D., including causing physical harm, harassing, threatening, and Mr. DeBorba received actual notice of this order given he was in court and signed the order as well.

Moving to Count 3, the unlawful possession charge from April 14th of 2019. This stemmed from a traffic stop conducted by Washington State Patrol. When Mr. DeBorba was stopped, he told the officer that his Glock 26 handgun was in the backpack in his vehicle. The officer searched and found the Glock 26 handgun there. Interstate nexus has been stipulated to. Again, we have been over the (g)(5) relevance and stipulated facts.

Moving to Count 4, the false statement during a purchase of a firearm from May 8, 2019. This relates to the acquisition of a Rock Island Armory Model M200 firearm from Brass Tacks Munitions. The parties have stipulated that Brass Tacks Munitions is a licensed firearm dealer.

In connection with acquiring the firearm, you will see in Exhibit 4 false statements were made. Looking at the firearms transaction record, which Mr. DeBorba completed and

signed, you will see in paragraph -- starting at paragraph 12.a, he checked he is a United States citizen, that he is not an alien illegally or unlawfully in the United States. Mr. DeBorba knew the statement was false, as we have seen from paragraph 6 of the stipulation.

This statement was material because it influenced Brass Tacks into believing they could lawfully sell this firearm to Mr. DeBorba in compliance with federal law.

For Count 5, this stems from the acquisition of the Sig Sauer model handgun from Cabela's in Lacey, Washington. The parties stipulate Cabela's is a licensed firearm dealer.

We have the false statement made on Exhibit 3, the firearms transaction record, which is up on the screen. Again, signed by Mr. DeBorba. Starting in paragraph 12, he again checks that he is a United States citizen and he is not an alien illegally or unlawfully in the United States. He knew the statement was false. Again, it was material because it influenced Cabela's into believing they could lawfully sell the firearm to Mr. DeBorba.

Count 6 is the false claim to the United States citizenship charge. Stems from the concealed pistol license completed in February 25 of 2019, where Mr. DeBorba directly and falsely represented himself to be a U.S. citizen. You will see this in Exhibit 2, which is the application that he completed. Again, on the screen here, you will see he has

1  checked that he is a U.S. citizen, he is not a permanent
2  resident, alien, or alien temporarily residing in Washington.
3      He was, as we have shown, not a citizen at the time.  He
4  did make the false representation willfully, which means
5  voluntarily and deliberately.  He stipulated to that in
6  paragraph 8.
7      This false representation was made to someone who had good
8  reason to inquire into a citizenship status.  These questions
9  on the Washington State Department of Licensing form were
10 posed for the purpose of ensuring that the concealed pistol
11 license could be lawfully issued to him both under Washington
12 law and federal law, and the cites there are up on the
13 screen.  That is paragraph 8 of the stipulation.
14     Finally, Count 7 is the unlawful possession of a firearm
15 silencer also stemming from the May 2022 search warrant.
16 Exhibit 13, you will see a photo of the firearm silencer that
17 was in the box labeled "tick suppresser."  We have a box
18 here.  ATF Officer Jason Armstrong concluded -- reviewed the
19 silencer, concluded it met the definition of a firearm
20 silencer.
21     Mr. DeBorba has stipulated that he was aware the device
22 was a silencer.  He also stipulated that he is -- he had not
23 registered the silencer with the National Firearms
24 Registration and Transfer Record.
25     We also had Firearm Specialist Elicia Elkins confirm the

1  same.  That is paragraphs 26 and 27.
2     That concludes our roadmap.  Your Honor is obviously very
3  familiar with this case. We wanted to keep it brief today.
4     I would just inquire whether you have any questions for
5  the government at this time?
6         THE COURT:  I don't. I have more questions -- not
7  more questions, but I am really curious about the defense
8  perspective on some of these facts because they are
9  stipulated at this point.
10     Let me see what defense has to say.
11     Ms. Fish.
12         MS. FISH: I will give a brief argument here.
13  Essentially, Your Honor, our argument has more to do with the
14  law than the facts.
15     As previously argued, we believe the majority of the
16  charges are unconstitutional.
17     Also the three false statement charges that the government
18  has presented, and note that I do not believe the materiality
19  or reason to inquire elements of those are met by the facts
20  presented here, which are essentially statements about
21  citizenship and immigration status which I believe do not
22  provide a constitutional basis to deny the sale of a firearm
23  or concealed carry permit under either Washington law or
24  federal law.  This has been previously briefed extensively so
25  I won't repeat myself.

1       Similarly, I just preserve our previously-briefed argument
2   regarding the constitutional as-applied challenge to all
3   charges under the Second Amendment as well as the vagueness
4   doctrine for the final charged count.
5           THE COURT:  My basic question is:  Definitely
6   understand the legal arguments.  It was briefed.
7   Constitutional argument as well.  The ruling has been made.
8       Without waiving any of those arguments or your objections
9   to the ruling, as it stands now, because my ruling is what it
10  is, are there any elements that are not at this point
11  established by the stipulated facts, assuming my ruling is
12  correct?  If my ruling is wrong, obviously it is all out the
13  door, or at least many of the charges are out the door.  If
14  my ruling is not incorrect, are there any elements you would
15  say the stipulated facts don't actually support?
16          MS. FISH:  Assuming the Court's prior rulings on our
17  motions stand, I expect the Court to convict on all the
18  charges.  However, I maintain those arguments are meritorious
19  and renew that the sufficiency -- the evidence here has not
20  met the elements.
21          THE COURT:  I completely understand.  Still subject
22  to the objections, subject to the arguments that have been
23  made.  Again, assuming my ruling is correct that those
24  statutes remain constitutional and the materiality, in
25  essence, was an element that has been met, do you believe, as

1  stated in the stipulated facts, that there is something in
2  there that says the government has not met its burden?
3         MS. FISH:  Your Honor, I don't know that I can answer
4  the Court's question with a "yes" or "no" answer without
5  being ineffective, essentially.
6     I will reiterate that we have no dispute about the facts.
7  Given the Court's prior rulings, I do expect the Court to
8  convict on all counts.  I maintain the merit of our previous
9  arguments.
10         THE COURT:  I think we are saying the same thing,
11  just different forms.
12         MS. FISH:  If the Court would indulge, unless the
13  government has further argument, I would like to make a Rule
14  29 motion when the Court is ready.
15         THE COURT:  Yes, why don't we do that now.
16         MS. FISH:  I move for judgment of acquittal on all
17  counts, all elements, all issues, including all
18  constitutional challenges as well as sufficiency challenges
19  previously identified and unidentified.
20         THE COURT:  Any response to that, Mr. Shiner or
21  Ms. McDowell?
22         MR. SHINER:  No.  I think the only real identified
23  basis for the Rule 29 motion would be the prior ruling,
24  constitutionality arguments which the Court has ruled on.  I
25  understand that this case is obviously ripe for appeal and

1  defense is seeking to do that.

2       The appellate rights on that issue are indeed preserved

3  through the making of the Rule 29 motion.  I don't think any

4  additional argument is required or necessary because it has

5  been fully briefed.

6            THE COURT:  Thank you.

7       What are the parties expecting from the Court at this

8  point?  An oral decision?  Do you want something in writing

9  that basically says here are the elements for each charge and

10 go one by one and point out each individual fact?  What do

11 the parties think they need at this point?

12           MR. SHINER:  What I would propose, Your Honor, is

13 often at trial courts will issue a factual finding, what we

14 normally see at a jury trial.

15           THE COURT:  It is not necessary in this case because

16 the facts are agreed to.  I --

17           MR. SHINER:  What I would ask the Court to do is

18 adopt the stipulated facts as your factual finding, that they

19 are true as the parties have agreed, and go on to make your

20 findings of guilt on each and every count.

21           MS. FISH:  Your Honor, I have no objection to an oral

22 ruling.

23           THE COURT:  All right.  I think for the record my

24 Findings of Fact are, in fact, what the parties have

25 stipulated to.  I have no reason to believe the stipulation

1  is inaccurate in any form or function.  All the facts that
2  have been stipulated to, the Court will find as its findings
3  of fact.
4     With regard to each count that has been identified -- and
5  I appreciate, of course, Ms. Fish, your position and the
6  constraints because you are being an advocate for your
7  client.  I don't hear anything that would lead me to believe
8  that based on those findings, the stipulated facts that have
9  now been found to be in the record, there is nothing here
10 that would lead me to conclude that the elements of each
11 individual count has not been met.  I do conclude that the
12 elements for each individual count, Counts 1 through 7, have
13 been met, and as to each count, I do find Mr. DeBorba guilty.
14     I will deny the Rule 29 motion at this point.
15     I don't know if there is anything more formal the parties
16 need from me.  I can put something in writing.  It really
17 would be just:  Here is element 1 to Count 1, I find
18 stipulated facts indicates, yes, there is sufficient
19 evidence.
20     If the parties think they need more from me, please let me
21 know and I can do that. Just might take me a day or two.
22          MR. SHINER:  I think you would need a written minute
23 order with what you just said, finding him guilty on each
24 count adopting the stipulated facts as the factual finding.
25          THE COURT:  As to all seven counts, I do make a

```
 1   finding of guilt.
 2        Mr. DeBorba, as I indicated, I find you guilty on all
 3   seven counts.  Your attorney is going to do what she believes
 4   is necessary on your behalf to appeal my decision.  Maybe I
 5   am wrong.  I might be wrong with regard to the arguments that
 6   were made.  Obviously, right now I don't think I am wrong.  I
 7   think we have analyzed the issues appropriately and made
 8   appropriate determinations.  If I am wrong, we will find out.
 9   It may take a little bit of time, but we will find out.
10         We need to set this over for a sentencing and also issuing
11   an order for presentence investigation report to be
12   completed.  Since I am not normally the one that does those,
13   usually for pleas that are taken, the magistrate judge sets
14   those dates.
15        Gretchen, what do I do at this point?
16             THE CLERK:  We will set sentencing for Friday, May
17   17th at 10:00 a.m.
18             THE COURT:  You automatically issue an order saying
19   that probation will do the presentence?
20             THE CLERK:  Yes.
21             THE COURT:  Anyone have any issues with that date for
22   sentencing?
23             MS. FISH:  No, Your Honor.
24             MR. SHINER:  No, Your Honor.  Thank you.
25             THE COURT:  Mr. DeBorba, do you have any questions,
```

```
1   anything you wish to ask?
2           THE DEFENDANT:  No.
3           THE COURT:  Thank you.  We will see everybody on May
4   17.
5   (The proceedings adjourned.)
6
7                   C E R T I F I C A T E
8
9
10     I certify that the foregoing is a correct transcript from
11  the record of proceedings in the above-entitled matter.
12
13
14
15  /s/ Angela Nicolavo
16  ANGELA NICOLAVO
    COURT REPORTER
17
18
19
20
21
22
23
24
25
```